UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR BROWN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CHICAGO, former Chicago )<br>Police Officers JOSEPH CAMPBELL, )<br>DAVID KUTZ, and JOSEPH FINE, )<br>Former Assistant State's Attorney JOEL )<br>WHITEHOUSE, and other as-yet )<br>unidentified employees of the City of )<br>Chicago, )<br>)<br>Defendants. ) | Case No. 18 CV 7064<br><br>Judge Rebecca R. Pallmeyer |

## MOTION TO APPOINT SPECIAL REPRESENTATIVES

In order to promote judicial economy and serve the interests of justice, Plaintiff Arthur Brown moves this Court to appoint special representatives for the estates of Defendants Joseph Fine and David Kutz under Federal Rule of Civil Procedure 17(b) and 735 ILCS 5/13-209(b). In support of the Motion, Plaintiff states as follows:

### BACKGROUND

1. This suit arises out of Mr. Brown's wrongful conviction for arson and murder, based on fabricated evidence and false testimony that Defendants manufactured, manipulated, and coerced. Mr. Brown spent 29 years, 5 months, and 17 days incarcerated for a crime he did not commit.

2. On October 22, 2018, Mr. Brown filed his Complaint naming former Chicago Police Department Officers Joseph Fine and David Kutz, among others, as Defendants. (Dkt. 1.)

1

3. While attempting to serve Defendants Fine and Kutz, counsel learned that these Defendants are likely deceased. Specifically, counsel's special process server located a 2016 list of Fraternal Order of Police "Departed Members" which includes Retired Detective Joseph D. Fine. *See* 2016 – Departed Members, Fraternal Order of Police Chicago Lodge 7, *available at* www.chicagofop.org/2016-departed-members. The process server also located an obituary dated August 30, 2017 for David Kutz. *See* David J. Kutz Obituary, Chicago Sun-Times, Aug. 30, 2017, *available at* https://legacy.suntimes.com/obituaries/chicagosuntimes/obituary.aspx?n=david-j-kutz&pid=186517701&fhid=2234.

4. Counsel has been unable to locate any record of a will being filed or an estate being opened for either Fine or Kutz (the "Deceased Defendants").

5. Mr. Brown therefore requests that the Court appoint Special Representatives for the Deceased Defendants, as authorized by Illinois law. Appointing Special Representatives in this matter will promote judicial economy and serve the interests of justice: it will allow Mr. Brown to proceed with his claims against the Deceased Defendants, while simultaneously ensuring that the Deceased Defendants' interests are adequately represented.

## ARGUMENT

**Legal Standard for Appointing a Special Representative**

6. Mr. Brown brings his Complaint under 42 U.S.C. § 1983, and thus his claims against the Deceased Defendants survive their deaths. Survival of Section 1983 claims is determined by reference to state law. *See* 42 U.S.C. § 1988; *Robertson v. Wegmann*, 436 U.S. 584, 589 (1978). This action therefore survives under the personal injury and officer misconduct

provisions of the Illinois Survival Act. 755 ILCS 5/27-6; *see also Beard v. Robinson*, 563 F.2d 331, 333 (7th Cir. 1977).

7. Under Federal Rule of Civil Procedure 17(b), an individual's ability to be sued in a representative capacity is governed by the law of the state where the court is located. Illinois law provides that when a defendant "dies before the expiration of the time limited for the commencement [of the action], and the cause of action survives, and is not otherwise barred," the court "may appoint a special representative for the deceased party for the purposes of defending the action." 735 ILCS 5/13-209(b); *see also* 735 ILCS 5/13-209(c) ("If a party commences an action against a deceased person whose death is unknown to the party before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, the action may be commenced against the deceased person's personal representative if . . . [a]fter learning of the death, the party proceeds with reasonable diligence to move the court for leave to file an amended complaint, substituting the personal representative as defendant.").

8. The Seventh Circuit has recognized that federal district courts have authority to appoint a special representative to defend Section 1983 claims against a deceased defendant "if a state judge has not opened the estate already." *Stewart v. Special Adm'r of Estate of Mesrobian*, 559 F. App'x 543, 548 (7th Cir. 2014); *see also Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995) (42 U.S.C. § 1988 allows a federal court to borrow provisions of state law as necessary to provide a complete remedy in a Section 1983 action); *Anderson v. Romero*, 42 F.3d 1121, 1125 (7th Cir. 1994) (appointing the deceased plaintiff's attorneys as special representatives for the estate); *Rivera v. Lake Cty.*, 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013) (appointing a special representative in a Section 1983 wrongful conviction case "so that the action can be maintained in case the estate has assets that can be recovered").

**Identifying an Appropriate Person to Serve as Special Representative**

9. The Illinois statute governing appointment of a special representative for a deceased party details how to proceed when it is the *plaintiff* who died. *See* 735 ILCS 5/13-209(a)(2). While the statute does not specify how to select an appropriate representative for a deceased *defendant*, *see* 735 ILCS 5/13-209(b)-(c), the statute provides that the court may appoint a special representative without opening an estate upon the plaintiff's motion and "after notice to the [defendant's] heirs and legatees *as the court directs*." 735 ILSC 5/13-209(b)(2) (emphasis added).

10. In other Section 1983 cases, courts have appointed the following individuals and entities as special representatives for deceased parties:

   a. The deceased defendant's spouse, *Rivera*, 974 F. Supp. 2d at 1199;

   b. The Clerk for the city that employed the deceased defendants at the time of the conduct relevant to the complaint, *Rivera v. Lake Cty.*, No. 12 CV 8665 (N.D. Ill.) (Dkts. 292 & 303);

   c. The attorneys representing the party before his death, *Anderson*, 42 F.3d at 1125; and

   d. The employer's insurance company, whose policy covered claims against the defendant and his estate, *Stewart v. Mesrobian*, No. 12 CV 50273 (N.D. Ill.) (Dkts. 71, 119, 133).

11. Illinois law does not provide for the compensation of a special representative appointed to defend an action on behalf of a deceased defendant. *See* 735 ILSC 5/13-209 (authorizing fees of a plaintiff's special representative to be paid "as a claim against any proceeds received" under subsection (a) but omitting any reference to compensation for a defendant's special representative under subsections (b) or (c)). But in the event the Court determines that the special representative is entitled to compensation, the Court should order Defendant City of

Chicago to pay the representative's fees, as part of its costs of defending the individual officer Defendants.[1]

12. If the Court grants Mr. Brown's motion, he will promptly comply with all requirements under Illinois law governing the substitution of a special representative in civil litigation. Specifically, Mr. Brown will move the Court "for leave to file an amended complaint, substituting the personal representative[s] as defendant[s]" and will act "with reasonable diligence to serve process upon the personal representatives[s]." 735 ILSC 5/13-209(c)(1) & (2).

WHEREFORE, Plaintiff Arthur Brown respectfully requests that the Court:

(a) direct the parties to provide notice of this lawsuit – in a form acceptable to the Court – to the "heirs and legatees" of Defendants Joseph Fine and David Kutz;

(b) provide the individuals notified appropriate time to respond; and

(c) enter an order appointing Special Representatives for Defendants Joseph Fine and David Kutz to represent their interests in this action, under Federal Rule of Civil Procedure 17(b) and 735 ILSC 5/13-209.

Date: November 9, 2018   Respectfully submitted,

/s/ *Ronald S. Safer*
Ronald S. Safer
Joseph O'Hara
Kelly M. Warner
Tal C. Chaiken
Allison M. Nichols
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700 (tel)
(312) 471-8701 (fax)
rsafer@rshc-law.com

---

[1] Mr. Brown is willing to pay half of this expense, up to $5,000, if an unpaid representative – such as a family member or attorney for Defendants – is unable or unwilling to serve.

johara@rshc-law.com
kwarner@rshc-law.com
tchaiken@rshc-law.com
anichols@rshc-law.com

*Attorneys for Plaintiff Arthur Brown*