# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARTHUR BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18 CV 7064 |
| ) | |
| CITY OF CHICAGO, former Chicago Police ) | Judge Rebecca R. Pallmeyer |
| Officers JOSEPH CAMPBELL, Special ) | |
| Representative for DAVID KUTZ, and ) | Magistrate Judge Maria Valdez |
| Special Representative for JOSEPH FINE, ) | |
| Former Assistant State's Attorney JOEL ) | |
| WHITEHOUSE, and other as-yet ) | |
| unidentified employees of the City of ) | |
| Chicago, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS CERTAIN CLAIMS IN PLAINTIFF'S AMENDED COMPLAINT

Defendant, City of Chicago ("City"), by its attorney, Terrence M. Burns of Reiter Burns LLP, for its Motion to Dismiss Certain Claims in Plaintiff's Amended Complaint, states:

## INTRODUCTION

Plaintiff initially filed this action on October 22, 2018. (Dkt. #1). Currently pending is an eleven-count Amended Complaint against the City, three former Chicago Police Department detectives, and a former Assistant State's Attorney. (Dkt. #10). Plaintiff's Amended Complaint seeks relief pursuant to the following federal and state law claims:

| | |
|---|---|
| Count I | §1983 Due Process/Wrongful Conviction |
| Count II | §1983 Coercive Interrogation |
| Count III | §§ 1983, 1985 Conspiracy |
| Count IV | §§ 1983, 1986 Failure to Intervene |
| Count V | §1983 *Monell* Policy Claim |

| | |
|---|---|
| Count VI | §1983 Federal Malicious Prosecution |
| Count VII | State Law Malicious Prosecution |
| Count VIII | State Law Intentional Infliction of Emotional Distress |
| Count IX | State Law Civil Conspiracy |
| Count X | State Law *Respondeat Superior* |
| Count XI | Statutory Indemnification |

Count VI should be dismissed in its entirety. The Seventh Circuit does not recognize a "federal malicious prosecution" claim under §1983. In addition, not all of plaintiff's claims in Counts I, II, III, IV, V, or VIII are timely. To the extent plaintiff seeks damages associated with the alleged constitutional violations pertaining to his 1990 criminal trial, the claims are time-barred and should be dismissed.

## RELEVANT PROCEDURAL HISTORY

Plaintiff's amended complaint arises from an arson fire that occurred in Chicago in the early morning hours of May 28, 1999, in which two individuals were killed. (Amended Complaint, Dkt. #10, ¶¶ 14, 16, 20). On May 29, 1990, plaintiff provided a signed statement to police and an Assistant States Attorney admitting his role in the arson. (*Id*. at ¶¶ 12, 25 31, 34). Plaintiff was convicted in April 1990 following a jury trial. (*Id*. at ¶ 43). Plaintiff was subsequently granted a new trial pursuant to post-conviction proceedings in the 2003-2005 time frame. Although plaintiff's amended complaint does not provide the relevant dates concerning his post-conviction proceedings, court documents reveal the following history.[1] The trial court initially granted

---

[1] This Court can and should consider these documents, which are judicially noticeable and provide information implicated by and essential to the allegations in the Amended Complaint concerning plaintiff's criminal court history. In ruling on a motion to dismiss, a court can consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Phillips v. Prudential Ins. Co. of America*, 714 F.3d 1017, 1020 (7th Cir. 2013), quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012); *Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012) (holding that public court documents are judicially noticeable).

2

plaintiff's post-conviction petition concerning the 1990 conviction on August 11, 2003. (*See* Certified Statement of Conviction, attached as Exhibit A). The State appealed, and on May 20, 2005, the Illinois Appellate Court remanded the case to the trial court with directions for clarification of an issue. *People v. Brown*, 356 Ill. App. 3d 1127 (Table) (1st Dist. 2005); *see also* Exhibit B. Following the appellate court's remand, on September 21, 2005, the trial court left standing its ruling that granted plaintiff's post-conviction petition regarding the 1990 conviction. (Exhibit B). Plaintiff subsequently was retried before a jury and re-convicted in August 2008. (*Id*. at ¶ 44). On November 14, 2017, following additional post-conviction proceedings, the Circuit Court of Cook County vacated plaintiff's 2008 conviction and he was released from prison. (*Id*. at ¶ 47). Plaintiff filed this civil action on October 22, 2018. (Dkt. #1).

## **LEGAL STANDARD**

In order to survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive dismissal, a complaint must assert sufficient facts to state a claim that is "plausible on its face;" the plausibility standard is not the same as probability, and requires "more than a sheer possibility" that a defendant has acted improperly. *Id., quoting Twombly*, 550 U.S. at 555.

A plaintiff can plead himself out of court by asserting facts that undermine the claims set forth in his complaint. *Holman v. State of Indiana*, 211 F.3d 399, 406 (7th Cir. 2000), *citing Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995); *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999). Thus, even though "the statute of limitations is ordinarily an affirmative defense that must be pleaded under Fed. R. Civ. P. 8(c), a district court may dismiss under Rule

12(b)(6) something that is indisputably time barred." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005), citing *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir. 1995).

## DISCUSSION

### 1. The Seventh Circuit Does Not Recognize a Constitutional Malicious Prosecution Claim.

Plaintiff's claim in Count VI is labeled "Federal Malicious Prosecution." According to the Amended Complaint (Dkt. #110, at ¶106), plaintiff was subjected to criminal prosecution for which there was no probable cause. Plaintiff further claims that his prosecution without probable cause was malicious and violated his rights under the Fourth and Fourteenth Amendments. (*Id.* at ¶¶ 105, 106). Count VI should be dismissed as the Seventh Circuit does not recognize a constitutional claim for malicious prosecution.

The Seventh Circuit has long held the Constitution does not create a free-standing claim for malicious prosecution. *See, e.g.*, *Stone v. Wright*, 734 Fed. Appx. 989, 989-90 (7th Cir. 2018), citing *Serino v. Hensley*, 735 F.3d 588, 593 (7th Cir. 2013) ("[T]here is no such thing as a constitutional right not to be prosecuted without probable cause"). Following the United States Supreme Court's decision in *Manuel v. City of Joliet*, 137 S.Ct. 911 (2017) ("*Manuel I*"), the Seventh Circuit on remand in that case again addressed the potential viability of a constitutional "malicious prosecution" claim. *Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir. 2018) ("*Manuel II*"). After noting the United States Supreme Court Justices "deprecated the analogy to malicious prosecution," the Seventh Circuit in *Manuel II* explained as follows:

> After *Manuel [I]*, "Fourth Amendment malicious prosecution" is the wrong characterization. There is only a Fourth Amendment claim - the absence of probable cause that would justify the detention. 137 S.Ct. 917-20. The problem is wrongful custody. "[T]here is no such thing as a constitutional right not to be prosecuted without probable cause." *Serino v. Hensley*, 735 F.3d 588, 593 (7th Cir. 2013).

903 F.3d at 670.

Count VI of the Amended Complaint expressly purports to assert a claim for an alleged violation of plaintiff's constitutional right not to be prosecuted without probable cause. But as the Seventh Circuit has expressly determined, there is "no such thing." Restated simply, there is no free-standing constitutional claim for "malicious prosecution" in the Seventh Circuit. Accordingly, Count VI should be dismissed with prejudice.

2. **Plaintiff's Claims Related to His 1990 Conviction Are Untimely.**

§1983 claims are "subject to the statute of limitations for personal injury actions in the state in which the alleged injury occurred." *Behavioral Inst. of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005); *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). In Illinois, personal injury actions are subject to a two-year statute of limitations. 735 ILCS 5/13-202. Thus, the statute of limitations applicable to §1983 actions in Illinois is two years. *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016). Federal law governs the date of accrual. *Kelly*, 4 F.3d at 511. Under federal law, §1983 claims accrue when the plaintiff "knows or should know his or her constitutional rights have been violated." *Id.*, quoting *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992).

Plaintiff's Amended Complaint seeks damages arising from two alleged wrongful convictions, the first of which occurred in 1990, and the second of which occurred in 2008. Plaintiff alleges the same underlying constitutional violations resulted in both convictions. Specifically, plaintiff contends the convictions were based on the same "fabricated, coerced, and involuntary 'confession'" and that the State prosecuted plaintiff "each time based solely on the 'confession' that Defendants * * * fabricated and coerced." (Amended Complaint, ¶¶ 44, 45).

Pursuant to the recent Seventh Circuit decision in *Johnson v. Winstead*, 900 F.3d 428 (7th Cir. 2018), the claims associated with plaintiff's 1990 conviction are time-barred and should be dismissed. The relevant facts in *Winstead* are indistinguishable from the procedural history in this

5

case. In *Winstead*, the plaintiff, Johnson, brought a §1983 action against two detectives alleging they violated his Fifth Amendment rights in obtaining an inculpatory statement from him and then provided testimony about that statement at his criminal trial. 900 F.3d at 431. Johnson made the inculpatory statements to police in December 2003. He went to trial in October 2007, his statements were introduced into evidence by the State, and he was convicted by a jury. *Id*. However, the conviction was reversed on appeal in 2010 based on an instructional error. *Id*. at 433. Johnson was retried in a second trial in March 2012, wherein the State again introduced testimony of Johnson's statements to police. *Id*. at 431. Once again Johnson was convicted. *Id*. On December 31, 2014, the Illinois appellate court reversed Johnson's second conviction. *Id*. at 433. Eight months later, on August 15, 2015, Johnson filed a federal lawsuit under §1983 against prosecutors, police officers, and the City, claiming a violation of his Fifth Amendment rights and asserting a claim based on the detectives' trial testimony about his statement at both criminal trials, which each time resulted in an alleged wrongful conviction. *Id*. at 433-34.

At issue on appeal was the District Court's dismissal of Johnson's claims as untimely. The Seventh Circuit initially determined the "rule of deferred accrual" from *Heck v. Humphrey*, 512 U.S. 477 (1994), would apply to the plaintiff's claim. *Winstead*, 900 F.3d at 439. Relevant here, the *Winstead* court then held:

> Our holding that *Heck* applies does not mean that *all* of Johnson's Fifth Amendment claims may proceed. To the extent that Johnson seeks damages associated with alleged Fifth Amendment violations at his first trial in 2007, the claims are indeed time-barred. That conviction was reversed in 2010, and the two-year time clock began to run then. The limitations period expired long before he filed this suit in 2015. The claims arising from the second trial in 2012 are timely, however. That conviction was reversed in 2014, and Johnson filed suit less than a year later. (Emphasis in original).

*Id*.

The above-quoted analysis perfectly mirrors the circumstances alleged in plaintiff's Amended Complaint. Paraphrasing directly from the *Winstead* court: To the extent plaintiff seeks damages associated with alleged Fifth Amendment and due process violations at his first trial in 1990, the claims are "indeed time-barred." That conviction was overturned in 2005, and the two-year time clock began to run then. The limitations period expired long before he filed this suit in 2018. Accordingly, only claims arising from plaintiff's second trial in 2008 would be timely, as that conviction was overturned in November 2017 and plaintiff filed suit less than one year later.

Based on the holding in *Winstead*, plaintiff's due process claim in Count I and Fifth Amendment coercive interrogation claim in Count II are untimely and should be dismissed to the extent they seek damages associated with the 1990 trial. Similarly, to the extent the derivative conspiracy, failure to intervene, and *Monell* claims in Counts III, IV, and V seek damages based on alleged constitutional violations associated with the 1990 trial, they too are time-barred and should be dismissed.

Plaintiff's state law intentional infliction of emotional distress ("IIED") claim is untimely and should be dismissed in its entirety. A state law IIED claim is subject to a one-year statute of limitations. *Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006) ("The limitations period for tort claims, such as intentional infliction of emotional distress, against governmental entities and their employees [ ] is only one year"), *overruled on other grounds*, *Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). The Seventh Circuit has rejected the continuing tort doctrine in the context of IIED claims in *Bridewell v. Eberle*, 730 F.3d 672 (7th Cir. 2013). In language directly applicable to plaintiff's claim here, *Bridewell* was summarized as follows:

> [T]he plaintiff in *Bridewell* argued that her claim accrued every day the defendant detectives did not tell the prosecutors to dismiss the criminal indictment because their statements were unreliable. In rejecting this argument, the Seventh Circuit reasoned "[t]he idea that

7

> failing to reverse the ongoing effects of a tort restarts the period of limitations has no support in Illinois law—or in federal law either." (Citations omitted).

*Gibbs v. Village of Flossmoor*, 2014 WL 1396184, *6 (N.D. Ill. 2014), *quoting Bridewell*, 730 F.3d at 678. Plaintiff does not allege any wrongful conduct by any Defendant that occurred within one year of the October 2018 filing of his complaint. Therefore, his IIED claim should be dismissed as untimely.

In the event plaintiff argues (and this Court agrees) the *Heck* "delayed accrual" rule should be applied to the state law IIED claim (*see, e.g.*, *Smith v. Burge*, 222 F. Supp. 3d 669, 693 (N.D. Ill. 2016), Count VIII should still be dismissed to the extent it seeks damages associated with the 1990 conviction. As with the constitutional claims, plaintiff's IIED claim relating to any alleged tortious conduct accrued when that 1990 conviction was overturned in 2005. The clock started running and plaintiff had one year from that date in which to bring the IIED claim, but he did not do so. So even if the federal *Heck* bar is applied to plaintiff's IIED claim, it should still be dismissed to the extent it seeks damages related to the 1990 conviction.

## **CONCLUSION**

For the reasons set forth above, this Court should dismiss with prejudice Count VI of plaintiff's amended complaint. In addition, this Court should dismiss as untimely the claims in Counts I through V of the amended complaint to the extent they seek damages associated with plaintiff's 1990 criminal trial. Finally, this Court should dismiss as untimely Count VIII in its entirety, or alternatively, if it determines the *Heck* "delayed accrual" rule applies, it should dismiss Count VIII to the extent it seeks damages related to the 1990 conviction.

WHEREFORE, Defendant, City of Chicago, respectfully requests that this Honorable Court enter an order dismissing Counts VI and VIII of plaintiff's Amended Complaint with prejudice, and/or dismissing Counts I through V and Count VIII to the extent they seek damages

8

associated with plaintiff's 1990 trial, and for any other relief this Court deems appropriate and/or just.

Dated: February 12, 2019                                          Respectfully submitted,

                                                                  By: s/ Paul A. Michalik
                                                                      One of the Attorneys for Defendant,
                                                                      City of Chicago

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Elizabeth A. Ekl
Katherine C. Morrison
REITER BURNS LLP
311 South Wacker Dr., Suite 5200
Chicago, IL 60606
(312) 982-0090 (telephone)
(312) 429-0644 (facsimile)

# CERTIFICATE OF SERVICE

      I hereby certify that on **February 12, 2019**, I electronically filed the foregoing **Defendant City of Chicago's Motion to Dismiss Certain Claims in Plaintiff's Amended Complaint** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

| ***Attorneys for Plaintiff*** | ***Attorney for Defendant Joseph Campbell*** |
|---|---|
| Allison M. Nichols | Andrew M. Hale |
| Kelly M. Warner | William E. Bazarek |
| Tal C. Chaiken | Shawn W. Barnett |
| Ronald S. Safer | Hale Law LLC |
| Riley Safer Holmes & Cancila LLP | 53 W. Jackson Bvld. |
| Three First National Plaza | Suite 330 |
| 70 W. Madison Street | Chicago, IL 60604 |
| Suite 2900 | 312-870-6905 |
| Chicago, IL 60602 | ahale@ahalelaw.com |
| 312-471-8700 | wbazarek@ahalelaw.com |
| anichols@rshc-law.com | sbarnett@ahalelaw.com |
| kwarner@rshc-law.com | |
| tchaiken@rshc-law.com | |
| rsafer@rshc-law.com | |

***Attorney for Defendant Joel Whitehouse***
Derek R. Kuhn
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
312-603-5527
derek.kuhn@cookcountyil.gov

                                                  s/ Paul A. Michalik