UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18 C 7064 |
| | ) |
| CITY OF CHICAGO, former Chicago | ) Judge Rebecca R. Pallmeyer |
| Police Officers, Special Representative | ) |
| for JOSEPH CAMPBELL, Special | ) |
| Representative for DAVID KUTZ, | ) |
| and Special Representative for | ) |
| JOSEPH FINE, Former Assistant | ) |
| State's Attorney JOEL WHITEHOUSE, | ) |
| and other as-yet-unidentified employees | ) |
| of the City of Chicago, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Arthur Brown was convicted of one count of arson and two counts of murder in 1990 and again in 2008, after he was granted a new trial. When this second set of convictions was invalidated in 2017, the State of Illinois chose not to retry Brown, and he has now been granted a Certificate of Innocence. In this action, Plaintiff asserts federal and state-law claims against the City of Chicago, three Chicago Police Department ("CPD") detectives, a former Assistant State's Attorney, and other City employees yet to be named. Specifically, the complaint alleges that CPD detectives Joseph Campbell, David Kutz, and Joseph Fine fabricated evidence against Plaintiff, depriving him of his constitutional right to a fair trial and resulting in his wrongful conviction (Count I); participated in a conspiracy to deprive Plaintiff of his constitutional rights (Count III); failed to intervene to prevent violations of Plaintiff's constitutional rights (Count IV); advanced a malicious prosecution of Plaintiff in violation of federal constitutional (Count VI) and

state law (Count VII); intentionally inflicted emotional distress upon Plaintiff (Count VIII); and engaged in an unlawful civil conspiracy under state law (Count IX). In addition, Plaintiff alleges that Campbell and Fine, along with former Assistant State's Attorney Joel Whitehouse, violated Plaintiff's Fifth and Fourteenth Amendment rights to be free from compulsory self-incrimination and deprivation of liberty without due process of law, by fabricating or coercing inculpatory evidence used against Plaintiff in his criminal proceedings (Count II). Defendants Campbell, Fine, and Kutz have all died in recent years; representatives of their estates have been substituted as defendants ("Estate Defendants").

Plaintiff has alleged that the City of Chicago is liable for the alleged wrongdoing of the individual Defendants, under the doctrine of *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 (1978) (Count V), *respondeat superior* (Count X), and state law indemnification (Count XI). Last month this court ruled on the City's motion to dismiss Counts VI and VIII entirely, and Counts I through V to the extent they sought damages from Plaintiff's 1990 trial and convictions. The court dismissed the federal malicious prosecution claim but otherwise denied the City's motion. *See Brown v. City of Chicago*, No. 18 C 7064, 2019 WL 4694685 (N.D. Ill. Sept. 26, 2019). Now, the Estate Defendants have filed a motion to dismiss some of these claims as well. For the reasons stated below, the Estate Defendants' motion is granted in part and denied in part.

## **DISCUSSION**

The Estate Defendants have moved to dismiss Counts I through V and Count VIII as they relate to Plaintiff's 1990 trial, Count I as it relates to Plaintiff's 2008 trial, and Count VI entirely.[1]

---

[1] The Estate Defendants also moved to dismiss any claims related to false testimony given at trial and the use of excessive force. As Plaintiff correctly notes, his Second Amended Complaint does not bring such claims. (Pl.'s Resp. to Estate Defs.' Mot. to Dismiss [99] at 9.) The Estate Defendants' reply in support of its motion also dropped any mention of these claims. (*See* Estate Defs.' Reply in Support of Mot. to Dismiss [103] at 14.)

The court recounted the allegations of Plaintiff's complaint and addressed some of the arguments raised here in its earlier opinion concerning the City's motion to dismiss. *See generally Brown*, 2019 WL 4694685. The court assumes familiarity with that earlier opinion and addresses the current motion only briefly.

I. **Counts I–V, VIII Associated with Plaintiff's 1990 Trial**

In their motion to dismiss, the Estate Defendants adopted and incorporated the City of Chicago's arguments that Counts I through V and Count VIII should be dismissed as time-barred to the extent they sought damages from Plaintiff's 1990 trial and convictions. The court, however, denied the City's motion to dismiss these counts, relying on a recent Supreme Court case, *McDonough v. Smith*, 139 S. Ct. 2149 (2019), and a Seventh Circuit opinion that embraced *McDonough*'s reasoning, *Camm v. Faith*, __ F.3d __, No. 18-1440, 2019 WL 4267769 (7th Cir. Sept. 10, 2019). *See Brown*, 2019 WL 4694685, at *4–5. In its reply brief—which was filed before the court ruled on the City's motion—the Estate Defendants contend that neither *McDonough* nor *Camm* apply. The court will briefly address these arguments.

Defendants assert that *McDonough*'s holding that a fabrication-of-evidence claim does not accrue until the plaintiff's acquittal is so narrow that it applies only to the facts of that case. But even if that is true, the reasoning the Supreme Court offered in arriving at its holding has a broader reach. *McDonough*, 139 S. Ct. at 2158–59, was based on "familiar principles" that "respect[ ] the autonomy of state courts" by avoiding parallel civil and criminal litigation. *See also id.* at 2157 (noting that *McDonough*, like *Heck v. Humphrey*, 512 U.S. 477 (1994), was motivated by concerns of finality and consistency "that have motivated this Court to refrain from multiplying avenues for collateral attack on criminal judgments through civil tort vehicles such as § 1983"). Such "familiar principles" were embraced by the Seventh Circuit in *Camm*, 2019 WL 4267769, at *11, which held that, like the fabrication-of-evidence claim in *McDonough*, a claim brought under *Brady v. Maryland*, 373 U.S. 83 (1963), did not accrue until the criminal proceedings ended in the defendant's favor. The Estate Defendants also argue that *Camm* is inapplicable because it is

inconsistent with the earlier *Johnson v. Winstead*, 900 F.3d 428 (7th Cir. 2018), and that the latter remains controlling. In its ruling on the City's motion to dismiss, *Brown*, 2019 WL 4694685, at *5, the court recognized this tension but opted not to follow *Winstead* in light of its conflict with *McDonough* and *Camm*. As the court observed, following *Winstead* would require Mr. Brown to "have filed his suit [related to the 1990 trial] at the same time that the State was preparing to prosecute him again—the exact situation *McDonough* cautioned against." *Id.*; *see also id.* ("Plaintiff should not have been expected to have brought this claim in 2005 while awaiting retrial."). Thus, consistent with the reasoning offered in *McDonough* and endorsed by *Camm*, the court reiterates its decision not to dismiss Counts I through V and Count VIII as they relate to Plaintiff's 1990 trial and convictions.

## II. Count I Associated with Plaintiff's 2008 Trial

The Estate Defendants have also moved to dismiss Count I to the extent it seeks damages associated with Plaintiff's 2008 trial and convictions. Count I states a fabrication-of-evidence claim. In particular, Plaintiff alleges that Defendants fabricated five items of evidence: (i) Brown's confession, (ii) Brown's confrontation with Michael Harper at the police station, (iii) Cecil Hingston's statement that he sold gas in a gas can to two black males driving a white Ford Bronco, (iv) Brown's friendship with Mr. Harper, and (v) Brown's promise to help Mr. Harper start a fire in exchange for x-rated videotapes. But Defendants argue that Plaintiff has failed to specifically identify the evidence used against him at his 1990 trial, the evidence used at his 2008 trial, and the evidence used only to secure his pretrial detention. The Estate Defendants assert that Plaintiff would not have any claim for fabricated evidence that was not admitted at one of his trials. *See Fields v. Wharrie*, 740 F.3d 1107, 1114 (7th Cir. 2014) ("For if the evidence hadn't been used against the defendant, he would not have been harmed by it, and without a harm there is . . . no tort."). Moreover, Defendants argue, Plaintiff's failure to distinguish fabricated evidence introduced at his 2008 trial from what was introduced at his 1990 trial renders as inadequately pleaded the fabrication-of-evidence claims related to his 2008 trial.

In his response (Pl.'s Resp. in Opp'n to Estate Defs.' Mot. to Dismiss [99] at 7), Plaintiff notes that his complaint alleges that all five of the items of evidence listed above were introduced at trial. (*See* Second Am. Compl. [70] ¶ 42.) ("At trial, the State presented the evidence discussed above, including the false 'confession' of Mr. Brown and the evidence used to explain and corroborate the 'confession.'") Thus, Plaintiff does not appear to assert any claim for the fabrication of evidence that was not introduced at trial; indeed, the allegations recounted in Count I are inconsistent with such a claim.

As for whether Plaintiff's fabrication-of-evidence claim is adequately pleaded, the key issue is whether the allegation "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Estate Defendants contend that Plaintiff's failure to distinguish what evidence was used at the 2008 trial from that admitted at the 1990 trial leaves them "to speculate as to whether Plaintiff has sufficiently pleaded any due process claims in connection with Plaintiff's 2008 trial." (Estate Defs.' Mot. to Dismiss [87] at 10.) The complaint is unambiguous that the five items of fabricated evidence discussed above were presented at the 1990 trial. (Second Am. Compl. [70] ¶ 42.) ("At trial, the State *presented the evidence discussed above* . . . .") True, the complaint is less clear about whether all five items or only the fabricated confession were presented at the 2008 trial, but the fabrication-of-evidence claims associated with that second trial concern—at most—the same evidence from the first trial. And because, as previously noted, the court has permitted the claims related to the 1990 trial to proceed, Defendants have "fair notice" about the fabrication-of-evidence claims that Plaintiff might pursue with respect to the 2008 trial. For these reasons, Defendants' motion to dismiss Count I as it relates to Plaintiff's 2008 trial is denied.

### III.  Count VI

Count VI states a claim for federal malicious prosecution. The court dismissed this count in its ruling on the City's motion to dismiss because the Seventh Circuit does not recognize such

a claim. *See Brown*, 2019 WL 4694686, at *5. The Estate Defendants have also moved to dismiss Count VI to the extent Plaintiff has restated the claim as one for pretrial detention without probable cause. But the court also rejected Plaintiff's attempt to restate this count as a Fourth Amendment claim in its earlier ruling. *Id.* at *6. ("[A] claim for detention without probable cause is inconsistent with the allegations in Count VI, all of which concern the institution of judicial proceedings against Plaintiff and not his detention.").

Moreover, any unlawful pretrial detention claim that Plaintiff might have asserted would be time-barred under Seventh Circuit precedent holding that such a claim is not subject to the delayed accrual rule from *Heck*. *See Knox v. Curtis*, 771 Fed. Appx. 650, 658–59 (7th Cir. 2019) (holding that the plaintiff's challenge to his pretrial trial detention was not subject to *Heck*). Plaintiff's reliance on *Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir. 2018) ("*Manuel II*"), is misplaced. While the Seventh Circuit in *Manuel II*, 903 F.3d at 670, held that a claim for pretrial detention without probable cause begins to accrue when the pretrial detention ends, *Knox*, 771 Fed. Appx. at 658, clarified that pretrial detention can be considered as ending upon conviction. *See also Manuel v. City of Joliet*, 137 S. Ct. 911, 920 n.8 (2017) ("*Manuel II*") ("[O]nce a trial has occurred, the Fourth Amendment drops out."). Thus, Plaintiff's Fourth Amendment claims for his detention before his 1990 and 2008 trials needed to be filed in 1992 and 2010, respectively. *McDonough* does not save Plaintiff's claim for pretrial detention without probable cause either. As already noted, *McDonough*, 139 S. Ct. at 2157, is grounded in a concern for avoiding "collateral attacks on criminal judgments through civil litigation." A Fourth Amendment claim does not constitute such a collateral attack. *See Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008) ("Even if no conviction could have been obtained in the absence of the violation, the Supreme Court has held that, unlike fair trial claims, Fourth Amendment claims as a group do not necessarily imply the invalidity of a criminal conviction, and so such claims are not suspended

under the *Heck* bar to suit."). The delayed accrual embraced by the Supreme Court in *McDonough* is not implicated here.[2]

For these reasons, Count VI—whether a federal malicious prosecution claim or a claim for pretrial detention without probable cause—is dismissed.

**CONCLUSION**

Defendants' motion to dismiss [87] is granted in part and denied in part. Count VI remains dismissed. The Estate Defendants' motion to dismiss Counts I through V and Count VIII is denied.

ENTER:

Date: October 8, 2019

_____
REBECCA R. PALLMEYER
United States District Judge

---

[2] Despite Plaintiff's reliance on it, the Seventh Circuit's opinion in *Lewis v. City of Chicago*, 914 F.3d 472 (7th Cir. 2019), is also not implicated. In that case, the plaintiff had not been convicted, and so the court did not address the accrual question under consideration here. *See id.* at 476–78.