UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18 CV 7064 |
| CITY OF CHICAGO, Kimberly Campbell as Special Representative for the Estate of JOSEPH CAMPBELL, Diane Romza-Kutz as Special Representative for the Estate of DAVID KUTZ, and Frank W. Fine as Special Administrator for the Estate of JOSEPH D. FINE, Former Assistant State's Attorney JOEL WHITEHOUSE, | ) ) Judge Rebecca R. Pallmeyer ) ) Magistrate Judge Maria Valdez ) ) ) ) ) ) ) |
| Defendants. | ) |

**CITY OF CHICAGO'S MOTION *IN LIMINE* #1: BAR ANY REFERENCE TO THE CITY IN THE JURY INSTRUCTIONS OR VERDICT FORM**

The City of Chicago (the "City"), by its attorneys, Reiter Burns LLP, for its motion *in limine* No. 1, moves to bar any reference to the City of Chicago in the jury instructions or verdict form.

1. The only substantive claim asserted against the City, the *Monell* claim, was dismissed at summary judgment. (Dkt. No. 352). Plaintiff's other counts (indemnification and *respondeat superior*) provide no reason to include the City in the jury instructions or on the verdict form. See *Bolden v. City of Chicago, et al*., 17 C 417, Dkt. No. 467 at p. 18-19 (granting the defendants motion in *limine* to bar mention of indemnification, noting "There aren't substantive claims against the City, so it could breed confusion to tell the jury that the City is a defendant"). To the contrary, inserting the City on the verdict form is unnecessary and, even if relevant, highly prejudicial to the Estate Defendants. *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1991) (acknowledging the general rule that "courts exclude evidence of indemnification out of a fear that

it will encourage a jury to inflate its damages award because it knows the government – not the individual defendants – is footing the bill"); *see also Larez v. Holcomb*, 16 F.3d 1513, 1518-19 (9th Cir. 1994) (concluding indemnification is not relevant to the damages claim). First, the City of Chicago's contractual and statutory obligations to indemnify the Estate Defendants are governed by contract and state law. *See* 745 ILCS 10/9-102 (providing municipal employees are indemnified for any compensatory damages assessed against them). Second, including the City on the verdict form as a defendant will create the appearance of indemnification and implicate the risks associated with a "deep pocket" award. *See Gahan v. Norberg*, 2006 WL 1343680, *2 (N.D. Ill. 2006). Indeed, evidence that the City may indemnify any of the Estate Defendants for an award of compensatory damages may encourage jurors to find for Brown regardless of the facts presented at trial, or artificially inflate a damages award out of sympathy for Brown, animus against the City for unrelated reasons, or based on other irrelevant factors.

2. As for plaintiff's *respondeat superior* and indemnification claims, they will not require a separate finding by the jury against the City in order to invoke the City's duty to indemnify the Estate Defendants for compensatory damages on the state law claims. Liability to the principal (the City) automatically will follow a finding of liability against an agent. Moreover, there is no dispute that during relevant times detectives Fine, Campbell, and Kutz were employed by the City and acted in the course and scope of their employment and under color of law. In addition, there are no punitive damages in this case. Plaintiff has proposed a jury instruction on the *respondeat superior* count indicating that the City is the principal for the Estate Defendants, and directing that if the jury finds against any Estate Defendant on a state law claim, it must necessarily find that the City is also liable. Likewise, Plaintiff has proposed a jury instruction as to indemnification indicating that the City is liable if the Estate Defendants were acting within the

scope of their employment. But there is nothing for the jury to determine for either of these "claims." Whether the City indemnifies the Estate Defendants is irrelevant to the issues the jury must decide on Brown's claims. On the other hand, such instructions (if given) essentially would inform the jury that the City is the indemnitor of the Estate Defendants, further creating the risk of a "deep pocket" jury award.

3. As such, a *respondeat superior* or indemnification jury instruction is unnecessary, as is the inclusion of the City on the verdict form. Under the circumstances, there is no reason to permit reference to the City as a party, as it would be highly prejudicial to the Estate Defendants.

For the foregoing reasons, the City of Chicago moves to bar any reference to the City in the jury instructions or verdict form or to otherwise reference the City as an indemnitor or defendant at trial.

Respectfully submitted,

By: /s/ Daniel M. Noland
Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Daniel J. Burns
Reiter Burns LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
(312) 982-0090

*Attorneys for Defendant City of Chicago*

3

## CERTIFICATE OF SERVICE

I hereby certify that on **January 31, 2023**, I electronically filed the foregoing **Defendant City of Chicago's Motion *in Limine* #1: Bar Any Reference to the City in the Jury Instructions or Verdict Form** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to all counsel of record via the Court's CM/ECF system.

*s/ Daniel M. Noland*