# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARTHUR BROWN, | )<br>) |
|       Plaintiff, | )<br>) |
| | ) Case No. 18 C 7064 |
|       v. | )<br>) |
| | ) Judge Rebecca R. Pallmeyer |
| CITY OF CHICAGO, JOSEPH CAMPBELL, DAVID KUTZ, JOSEPH FINE, and JOEL WHITEHOUSE, | )<br>) Magistrate Judge Maria Valdez<br>)<br>) |
| | ) |
|       Defendants. | ) |

## DEFENDANTS' MOTION TO BAR OPINIONS OF
## PLAINTIFF'S RETAINED EXPERT ANTOINETTE KAVANAUGH

Defendants, Kimberly Campbell as Special Representative for the Estate of Joseph Campbell, Diane Romza-Kutz as Special Representative for the Estate of David Kutz, and Frank W. Fine as Special Administrator for the Estate of Joseph D. Fine, and Former Assistant State's Attorney Joel Whitehouse (collectively the "Defendants"), by and through their undersigned attorneys, submit this motion to bar opinions of Plaintiff's retained expert Antoinette Kavanaugh, PhD. In support of this motion, Defendants state as follows.

## INTRODUCTION

The admissibility of expert testimony is governed by Federal Rules of Evidence 702 and 703, as construed by the Supreme Court in *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579 (1993). This Court must act as a gatekeeper to ensure the reliability and helpfulness of proffered expert testimony. *Lees v. Carthage College*, 714 F.3d 516, 521 (7th Cir. 2013). "Essentially, the district court must make the following inquiries before admitting expert testimony: First, the expert must be qualified by knowledge, skill, experience, training, or education; second, the proposed expert testimony must assist the trier of fact in determining a relevant fact at issue in

1

the case; third, the expert's testimony must be based on sufficient facts or data and reliable principles and methods; and fourth, the expert must have reliably applied the principles and methods to the facts of the case." *Id.* at 521-522. Expert testimony cannot simply be "subjective belief or unsupported speculation." *Daubert* at 590.

Plaintiff has retained clinical psychologist Antoinette Kavanaugh, PhD ("Kavanaugh") to offer certain expert opinions regarding Plaintiff's mental health and emotional damages, including that Brown suffers from Post Traumatic Stress Disorder ("PTSD") caused by his allegedly wrongful conviction and imprisonment. While Defendants do not challenge the admissibility of the PTSD diagnosis at this time, Kavanaugh's report contains additional improper, speculative and inflammatory opinions that are not reliable or relevant, and thus inadmissible.

## I. OPINIONS OF FUTURE MENTAL INJURIES ARE INADMISSIBLE SPECULATION.

Kavanaugh's report states "While he currently suffers from PTSD, over time he may experience symptoms of another disorder such as depression." (Forensic Evaluation Report ("Report") p.35). At her deposition, Kavanaugh explained the basis for this opinion as follows:

**What is the basis of that statement?**

A. **The basis of that statement is him describing his mood, being his depressed mood,** and it – it relies upon that, and I - so that knowing that this may be a – one of the symptoms of depression that he may show over time, but I'm not diagnosing him with depression currently.

Q. **No, you don't know whether he will or whether he will not experience other symptoms such as depression.**

A. **Correct.**

Q. **This is speculation on your part?**

2

> A. **Based upon the data that I have reviewed and knowing the levels of comorbidity, yes**, but that's so – I wouldn't call it speculation. I would just say that it's reflective of the data and knowing that often PTSD is a comorbid diagnosis.
>
> Q. Okay. That's the only basis for making that statement?
>
> A. Correct.
>
> Q. **There's nothing in any of the documents you read that would confirm that potential, is there?**
>
> MS. WARNER: Objection to form.
>
> THE WITNESS: **Any of the documents, correct.** You're not – I just want to be clear on documents. We're talking about his – his – his prison documents or – correct? What I do know is that from the articles that I've read, that it is not – it is not unusual for people who are – for wrongfully convicted for – over time for their symptom picture to change such that they – other symptoms come to – are – are exhibited with time.
>
> BY MS. BOBB:
>
> Q. **Okay. So my question is, is there anything in particular in any of the things you have read with regard to Mr. Brown's incarceration specifically or his history that – that you are basing this statement that he may experience symptoms of another disorder?**
>
> MS. WARNER: Objection to form, misstates prior testimony.
>
> A. **He's described having a depressed mood. That is just one aspect of a depressive order. I didn't diagnose him with it. I just said that with time, that aspect of his symptom picture will be – will be clear.**

(Transcript of the deposition of ("Kavanaugh Dep.") p.238:11-240:8 (emphasis added)

As the above testimony shows, Kavanaugh has not clinically diagnosed Brown with depression, and she admits that she has no factual basis to opine that Brown will suffer from depression or any other psychological disorder in the future. Indeed, the only "basis" for Kavanaugh's opinion is Brown's self-reporting of a depressed mood, and she is quick to repeatedly state that this was not sufficient to support a clinical diagnosis. Kavanaugh's opinion

3

that Brown may experience symptoms of another mental disorder such as depression in the future is pure speculation and not supported by reliable facts in the record, and thus is inadmissible. *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 761 (7th Cir. 2010) (Expert testimony may not be based on subjective belief or speculation.), *see Vandervelden v. Saint Louis University*, 589 F.Supp.3d 944, 951 (S.D. Ill. 2022) (Expert opinion that plaintiff may have possibly avoided removal of her tongue if she had followed up with an ENT in June inadmissible speculation.).

**II.     OPINIONS THAT BROWN IS INNOCENT AND HIS CONSTITUTIONAL RIGHTS WERE VIOLATED SUCH THAT HE WAS WRONGFULLY CONVICTED ARE INADMISSIBLE.**

Kavanaugh should also be barred from offering any opinions that Brown is in fact innocent, that his constitutional rights were violated, or that he was wrongfully convicted. It is the role of the jury to determine the weight and credibility of witness testimony, and an expert witness may not usurp this function. *Davis v. Duran*, 277 F.R.D. 362, 370 (N.D. Ill. 2011). Similarly, an expert may not testify about legal issues that will determine the outcome of a case; that is, they cannot testify about legal issues on which the judge will instruct the jury. *United States v. Sinclair*, 74 F.3d 753, 758 n.1 (7th Cir. 1996), *Client Funding Solutions Corp. v. Crim*, 943 F.Supp.2d 849, 863 (N.D. Ill. 2013) (Expert could not opine that Defendant's conduct was a breach of fiduciary duty, as that was an issue for the jury to decide.).

Kavanaugh's report notes that Brown "is pursuing claims for violations of his constitutional rights in connection with his wrongful conviction and nearly thirty-year incarceration." (Report p.1). Whether Brown's constitutional rights were violated or he was wrongfully convicted are issues for the jury to decide, and Kavanaugh cannot offer opinions on these issues, even if she was qualified to do so. *Good Shepherd Manor Foundation, Inc. v. City*

*of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) (Opinions on legal matters and conclusions, such as conclusions that the city violated the FHAA are improper because "expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible."), *Sanders v. City of Chicago Heights*, 2016 WL 4417257, *6 (N.D. Ill. Aug. 19, 2016) (Expert cannot testify that there was a lack of probable cause to arrest plaintiff because this is a legal conclusion which is outcome determinative.).

Similarly, Kavanaugh cannot opine at trial that Brown was actually innocent. At her deposition, Kavanaugh testified as follows:

> Q. **Is it also true that may of your opinions, if not all of them, are based on your assumption that Arthur Brown is innocent, correct?**
>
> A. **No.**
>
> MS WARNER: Objection to form.
>
> THE WITNESS: Sorry.
>
> BY MS. BOBB:
>
> Q. **Okay. You say no. Explain that.**
>
> A. **I wasn't making an assumption**.
>
> Q. **Were you deciding that as a fact.**
>
> A. **I was – he has a certificate of innocence.**
>
> Q. Okay.
>
> A. And so that's the foundation of my work.
>
> Q. Other than that certificate of innocence, is there any other basis on which you made the determination that Arthur Brown was wrongfully convicted?
>
> MS. WARNER: Objection to form.
>
> THE WITENSS: **The certificate of innocence is what I was using as the foundation for my work.**

Q. Okay. And if it turns out – strike that. Do you understand or have you been told that the defense is contesting that certificate of innocence?

A. I don't know that.

Q. **have you been told or do you know that that is a determination that a jury will make at a trial?**

MS. WARNER: Objection to form.

THE WITNESS: **No.**

(Kavanaugh Dep. p.16:22-18:3) (emphasis added).

It is not a "fact" in this case that Brown is innocent, and Kavanaugh should not be allowed to offer that opinion at trial. *Good Shepherd,* 323 F.3d at 564 Furthermore, she must not be allowed to testify that Brown is innocent because he received a certificate of innocence, as the certificate innocence is not dispositive of Brown's innocence or any other issue in this case[1]. Indeed, to the extent that Kavanaugh's opinions are not based upon an assumption that Brown was innocent but rather the nonexistent "fact" that he was innocent, her opinions are inadmissible under Fed.R.Evid. 702 because they do not have a sufficient factual basis.

### III. REFERENCES TO CONCENTRATION CAMPS AND PRISONERS OF WAR ARE IMPROPER AND HIGHLY PREJUDICIAL.

Kavanaugh should also be barred from offering any opinions that analogize Brown's imprisonment to a concentration camp or prisoners of war. Kavanaugh asserts in her expert report that "[a]s an innocent person forced to endure these conditions, [Brown's] experience is akin to trying to survive in a concentration camp or being a civilian prisoner of war." (Report p.2). Kavanaugh admitted at her deposition that she had never examined anyone that was in a

---

[1] The certificate of innocence is the subject of separate motions *in limine*, and the undue weight that Kavanaugh improperly places on the certificate of innocence further supports why it should be barred from this trial, as it will only confuse the jury and issues and unfairly prejudice the Defendants.

concentration camp or had been a civilian prisoner of war, (Kavanaugh Dep. p.265:20-266:1), and her report does not identify any literature or other documentation that support this assertion. Moreover, nothing in Kavanaugh's education, background or experience shows that she has any specialized knowledge about the conditions of concentration camps or facilities where civilian prisoners of war are held such that she is qualified to offer opinions regarding the conditions of those facilities and how they compare to the conditions of the Illinois prisons where Brown was incarcerated.

Thus, these opinions are barred by Fed. R. Evid. 702, as there is no factual basis for Kavanaugh to analogize Brown's situation to concentration camps or civilian prisoners of war and she is not qualified to offer any such opinions. The opinions are also inadmissible under Fed. R. Evid. 403, as they are highly inflammatory and unfairly prejudicial. *See generally DSM IP Assets v. Lallemand Specialties, Inc.*, 2018 WL 1950413, *2 (W.D. Wis. April 25, 2018) (Inflammatory opinions inadmissible at trial, regardless of whether expert was qualified to offer them.). Accordingly, these opinions should be stricken from Kavanaugh's report, and she should be barred from offering them at trial.

WHEREFORE, Defendants request that this Court enter an order in *limine* barring Antoinette Kavanaugh from offering opinions regarding future mental health injuries, legal conclusions including that Plaintiff was innocent or wrongfully convicted or his constitutional rights were violated, and testimony regarding concentration camps and civilian prisoners of war, and for whatever other relief this Court

                                                                   Respectfully submitted,

By: /s/ Patricia C. Bobb                  By: /s/ Allyson West
                                              Special Assistant Corporation Counsel

Patricia C. Bobb
Bobb & Associates                                Andrew M. Hale

| | |
|---|---|
| 225 W. Wacker Dr., Suite 1515<br>Chicago, IL 60606<br><br>David R. Nordwall<br>David R. Nordwall LLC<br>225 W. Wacker Dr., Suite 1515<br>Chicago, IL 60606<br><br>*Attorneys for Defendant Joel Whitehouse* | William E. Bazarek<br>Brian Stefanich<br>Shawn W. Barnett<br>Allyson L. West<br>Barrett Boudreaux<br>Amy A. Hijjawi<br>Hale & Monico LLC<br>53 W. Jackson Bvld., Suite 334<br>Chicago, IL 60604<br><br>*Attorneys for Defendants Kimberly Campbell as Special Representative for the Estate of Joseph Campbell, Frank W. Fine and Diane Romza-Kutz* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on **January 31, 2023**, I electronically filed the foregoing ***Defendants' Motion to Bar Opinions of Plaintiff's Retained Expert Antoinette Kavanaugh*** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to all counsel of record via the Court's CM/ECF system.

/s/    David R. Nordwall