IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-7064 |
| | ) | |
| v. | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| CITY OF CHICAGO, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONDENT COOK COUNTY STATE'S ATTORNEY'S MOTION
TO ENFORCE THIS COURT'S JULY 28, 2020 AND JUNE 15, 2021 ORDERS
LIMITING THE TESTIMONY OF CURRENT AND FORMER NON-PARTY COOK
COUNTY ASSISTANT STATE'S ATTORNEYS**

Third-Party Cook County State's Attorney's Office ("CCSAO"), by its attorney, Kimberly M. Foxx, State's Attorney of Cook County, brings this motion to enforce this Court's July 28, 2020 and June 15, 2021 Orders Limiting the Testimony of Current and Former Non-Party Cook County Assistant State's Attorneys. In support, the Respondents state as follows:

1. In 2020 the CCSAO filed an appearance in this matter to protect its deliberative process and other privileges after the parties subpoenaed voluminous documents from the CCSAO. Additionally, the parties sought to depose a number of its then current or former high-ranking employees, including two former First Assistant State's Attorneys and the Director of the Conviction Integrity Unit ("CIU"). During a FRCP 37 conferral over the subpoenas, defense counsel argued that all of the CCSAO's privileges were either non-applicable or had been waived. Significant motion practice followed. (Docket Nos.145, 149, 169, 186, 187).

1

2. On June 12, 2020, the Defendants outlined fourteen topics on which they anticipated questioning CCSAO's former First Assistant Eric Sussman ("Sussman") and former Director of CIU Mark Rotert ("Rotert". (Docket No. 169, p. 12). They also identified eight topics on which they anticipated deposing former First Assistant Joseph Magats. (Id. at 12-13).

3. On July 28, 2020, this Court Ordered that the depositions of Sussman and Rotert were to proceed, but limited them significantly. (Docket No. 202). The Court sustained the CCSAO's objections to the majority of the Defendants' deposition topics, and limited the depositions to three hours. (Id). The Court explicitly forbade the Defendants from seeking information from Rotert or Sussman regarding the CCSAO's decision-making with respect to its decision to drop its underlying appeal of Plaintiffs' criminal case, and whether the CCSAO or its employees felt that Plaintiff was "innocent." (Docket No. 203, pp. 24, 28-29).[1] The Court found that the latter invaded the province of the jury. (Docket 203, p. 24).

4. The Court ordered that Magats' deposition would only occur with a showing that his deposition was necessary after the completion of the Rotert and Sussman depositions. (Docket No. 202).

5. Subsequent to the Sussman and Rotert depositions, and in an attempt to settle a dispute over an additional seven subpoenas served on the CCSAO by the parties, the CCSAO agreed to produce a 30(b)(6) witness with respect to its process in engaging with Petitions for Certificates of Innocence. However, as the parties were not able to come

---

[1] The Court excepted statements made to the press or to Plaintiffs' attorneys. (Docket No. 203, pp. 23-24).

to terms on the scope of the deposition, the CCSAO filed an additional motion to quash. (Docket No. 269)

6. On July 15, 2021, this Court granted the motion in part and denied it in part, limiting the 30(b)(6) deposition to 3.5 hours and ordering that no further document production by the CCSAO. (Docket No. 270).

7. In their final pre-trial order, the Defendants have indicated that they "may" call a number of current and former CCSAO employees (including Sussman, Rotert, and Magats) at the upcoming trial. (Docket No. 364, p. 89). Further, Defendants have expressed their intention of questioning Sussman and Rotert with respect to a Chicago Tribune Article written prior to their decision with respect to the Plaintiffs' underlying criminal case. (Docket No. 362, pp. 10-12).

8. The CCSAO moves that to the extent any current or former CCSAO employees are called to testify at trial that the parties are subject to the same limitations ordered by this Court in its July 28, 2020 and June15, 2021 orders.

9. A ruling on this motion is of particular importance as the CCSAO is not a party to this case and will not be able to object during the trial.

WHEREFORE, third party Cook County State's Attorney's Office prays that this Court enter an order that the parties must comply with this Court's July 28, 2020 and June 15, 2021Orders with respect to any testimony elicited from any current or former Cook County State's Attorney's Office employee who is not a party to this case, and for any further relief that this Court deems just and proper.

Date: February 27, 2023						Respectfully submitted,

							KIMBERLY M. FOXX
							State's Attorney of Cook County

							By: */s/ Lyle K. Henretty*
							Jessica M. Scheller
							Lyle K. Henretty
							Assistant State's Attorney
							50 West Washington, Suite 500
							Chicago, IL  60602
							(312) 603-6934
							(312) 603-1424
							jessica.scheller@cookcountyil.gov
							lyle.henretty@cookcountyil.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 27, 2023, I electronically filed the foregoing document with the Clerk of the Court for Northern District of Illinois, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

							*/s/ Lyle K. Henretty*