# Exhibit 2

1

```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

JERMAINE WALKER,                )
                                )
            Plaintiff,          )
                                )
      vs.                       )  No. 16 C 7024
                                )
MICHAEL WHITE, ERIC REYES,      )
SEBASTIAN FLATLEY,              )
and CITY OF CHICAGO,            )  Chicago, Illinois
                                )  March 2, 2023
            Defendants.         )  1:30 o'clock p.m.

              TRANSCRIPT OF PROCEEDINGS -
                  Final Pretrial Conference
            BEFORE THE HONORABLE MANISH S. SHAH
```

APPEARANCES:

For the Plaintiff:     THE FAKHOURI FIRM, L.L.C.
                       BY:  MR. ROBERT S. FAKHOURI
                       77 West Wacker Drive, Suite 4500
                       Chicago, Illinois  60601
                       (312) 471-8873

For the Officer        HALE & MONICO, L.L.C.
Defendants:            BY:  MR. BRIAN J. STEFANICH
                            MS. BARRETT E. BOUDREAUX
                            MS. JENNIFER BITOY
                       53 West Jackson Boulevard, Suite 334
                       Chicago, Illinois  60604
                       (312) 870-6908

For Defendant City:    REITER BURNS, L.L.P.
                       BY:  MR. PAUL A. MICHALIK
                       311 South Wacker Drive, Suite 5200
                       Chicago, Illinois  60606
                       (312) 982-0090


              COLLEEN M. CONWAY, CSR, RMR, CRR
                    Official Court Reporter
              219 South Dearborn Street, Room 1918
                    Chicago, Illinois  60604
         (312) 435-5594  *colleen_conway@ilnd.uscourts.gov*

**Colleen M. Conway, Official Court Reporter**

1  similarly, it's a little perfunctory as briefed.  It seems -- I
2  am not seeing evidence of racial motivation being offered by
3  the plaintiff.
4       If racial motivation were the subject of some
5  evidence, which perhaps could be relevant to a claim for
6  punitive damages, then there may be appropriate argument to be
7  had.  But, as I am seeing it, I am not seeing an evidentiary
8  foundation to make an argument that there was racial motivation
9  to the conduct.  So defendants' 16 is granted.
10      That then leaves the almost final set, which is the
11 certificate of innocence and the issues around the certificate
12 of innocence.
13      Starting with defendants' motion *in limine* No. 1 as
14 to Judge Haberkorn's comments.
15      The judge's comments seem to be about the camera and
16 the camera issue, which isn't, as we've talked about already,
17 all that relevant to the claimed fabrication of evidence
18 against these defendants.
19      As I've already said, the presence of the cameras is
20 relevant to the credibility of the officers, Reyes and Flatley,
21 but the judge's comments offered for the -- if offered for the
22 truth that some unidentified people did not tell the truth, and
23 if offered for the truth of the judge's statements that this
24 was outrageous, that would be hearsay.  And the judge's
25 sickening feeling about this case is, in my view, irrelevant

1  for this jury.

2  Evidence that the case was terminated in a manner
3  indicative of innocence is relevant to the claims, at a
4  minimum, to the state-law claim of malicious prosecution, and
5  that would be a non-hearsay use.  But with the defendants'
6  concession that the case was so terminated, the probative value
7  of Judge Haberkorn's comments drops to near zero.  Not all the
8  way to zero, because a stipulation doesn't necessarily mean
9  additional evidence can't add to the preponderance of the
10 evidence on a question, but it's near zero if there is a
11 concession on that element.

12 And meanwhile, there is then a strong weight
13 substantially outweighing the probative value of unfair
14 prejudice from the broad-strokes judicial comments that are not
15 clearly directed at these defendants and outweighs the value of
16 any of those comments on the manner-indicative-of-innocence
17 issue.

18 Plaintiff also refers to the relevance of innocence
19 to his damages.

20 I agree that guilt or innocence is relevant to
21 damages, but I don't agree that Judge Haberkorn's statements
22 can be admitted to demonstrate actual innocence without them
23 being admitted for the truth of the matters asserted.  So the
24 prohibition on hearsay precludes their use to prove innocence
25 for purposes of damages.

1    So defendants' No. 1 is granted.

2    Defendants' No. 3 with respect to the judicial
3 statements of Judge Martin on the certificate of innocence I
4 resolve similarly.

5    I agree with the defense that Judge Martin's comments
6 are inadmissible as hearsay.  And under Rule 403, in light of
7 the defense stipulation that the proceedings had been favorably
8 terminated, the probative value is near zero, but then
9 substantially outweighed by unfair prejudice.

10    A limiting instruction about the certificate of
11 innocence procedures can be effective in some cases, but in
12 this one, I nevertheless worry that the judge's actual comments
13 take on an added force that a jury would have too difficult a
14 time parsing, even with a limiting instruction.

15    And, again, as to damages, the judge's statement that
16 he is finding Mr. Walker innocent by a preponderance would be
17 offered for the truth of factual innocence, and my view is that
18 that would be prohibited hearsay.

19    So defendants' 3 is granted.  Again, all subject to
20 the defendants stipulating to:  The proceedings had been
21 terminated favorably in a manner indicative of innocence.

22    The certificate of innocence itself, defendants' 2,
23 carries with it less prejudice than the judge's comments and
24 less risk of inadmissible hearsay.  It has, as we've already
25 discussed, the probative non-hearsay value of demonstrating on

1  the manner in which the proceedings had been terminated.  True,
2  it occurred after the conviction was vacated, but I think it
3  still can shed some light on the manner of termination.
4         The balance, again, though, I conclude, is that the
5  probative value on that issue is very low to -- near zero in
6  light of the defense stipulation.
7         In *Kluppelberg v. Burge*, the court there did say that
8  judicial findings in a certificate of innocence could be
9  non-hearsay public records.  And the court there cited the
10 Seventh Circuit's opinion in *Greycas*, G-r-e-y-c-a-s, 826 F.2d
11 1560, 1567 (7th Circuit 1987).
12        But I don't read *Greycas* as opening the door the same
13 way that the court in *Kluppelberg* thought.  There is no *res*
14 *judicata* or preclusive effect of a certificate of innocence.
15 And it was the preclusive effect of civil judgments that led
16 the Seventh Circuit to muse that evidentiary use could be
17 allowed in a bench trial.
18        That's not our situation here.  And my view is it
19 would be hearsay to offer the certificate of innocence as
20 evidence of actual innocence and the truth of innocence.
21        So defendants' 2 is granted.  I am excluding the
22 certificate of innocence, again, based on the defense
23 stipulation that the proceedings had been terminated in a
24 manner indicative of innocence.
25        And defendants' 4 as to Russell Walker's certificate