UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18 CV 7064 |
| | ) | |
| CITY OF CHICAGO, Kimberly Campbell as Special Representative for the Estate of JOSEPH CAMPBELL, Diane Romza-Kutz as Special Representative for the Estate of DAVID KUTZ, and Frank W. Fine as Special Administrator for the Estate of JOSEPH D. FINE, Former Assistant State's Attorney JOEL WHITEHOUSE, and other as-yet unidentified employees of the City of Chicago, | ) ) ) ) ) ) ) ) ) ) ) | Judge Rebecca R. Pallmeyer Magistrate Judge Maria Valdez |
| Defendants. | ) | |

**ESTATE DEFENDANTS' MOTION FOR RECONSIDERATION OF
MOTION *IN LIMINE* NO. 1 (CERTIFICATE OF INNOCENCE)**

The Estate Defendants move this Court to reconsider its decision to deny their motion *in limine* to bar Brown from introducing his certificate of innocence ("COI") at trial, Dkt. No. 369 at MIL #1). In setting forth its ruling both orally and in its written decision issued March 22, 2023, this Court seems to have misunderstood Judge Shah's ruling barring the COI in the recently tried case of *Walker v. White*, 16 C 7024 (N.D. Ill.). Contrary to this Court's ruling, Judge Shah did not require a stipulation that stated the proceedings ended in a matter indicative of innocence for the defendants in *Walker* to waive the favorable termination element. It also appears that this Court misapprehended the nature of the COI, and the COI's value in proving the favorable termination element of state law malicious prosecution. The COI in this case, where the prosecutors have and will testify as the reasons for the *nolle*, eliminates any tangential relevance of the COI to that

1

element. Finally, as Judge Shah noted, *Kluppelberg*, which this Court relies on misinterprets *Greycas* to find that the Federal Rule of Evidence 803(8) hearsay exception applies. Binding Seventh Circuit precedent has held that judicial findings, like those in the COI, are hearsay. The COI therefore cannot be admitted for proof of innocence.

## BACKGROUND

The motion was fully briefed and the Court heard argument on March 6, 2023. (Dkt. No. 380; 393; 394). The Estate Defendants set forth a number of reasons why the COI should be barred in its prior briefs,[1] including that the COI is hearsay and in light of the Estate Defendants' proposed wavier of the favorable termination element of Brown's malicious prosecution claim, the probative value of the COI is "near zero," as decided in *Walker v. White*, 16 C 7024 (N.D. Ill.). (Dkt. No. 393-2 at 39:5-9; 40:4-6.) This Court ruled orally on March 6, 2023. This Court indicated that it understood Judge Shah's ruling to mean "that the defendants would concede that an element of plaintiff's prima facia case had been met." (See attached as Exhibit A, March 6, 2023, Report of the Proceedings (Pre-Trial Conference) at 78:23-79:2). The Court also observed that the *Walker* case had not gone to trial and it could therefore not look to that case to see how Judge Shah implemented his ruling. (*Id.* at 83:1-6.) The *Walker* trial concluded on March 14, 2023, the record there is now complete, and Judge Shah has now clarified and implemented his ruling on this specific point.

On March 22, 2023, the Court issued its written rulings on the parties' motions *in limine*, including Defendants' motions to bar admission of the COI. (Dkt. No. 411, 3-5 (denying motion to bar admission of the COI)).

---

[1] The Estate Defendants' still stand on all the arguments set forth in their briefs related to Motion *in limine* No. 1.

2

**ARGUMENT**

**I.     There was no stipulation in the *Walker* trial.**

This Court has offered to revisit is ruling that permits Brown to admit the COI if the defendants are prepared to enter a stipulation as they did in *Walker*, another reversed-conviction case that went to trial on March 7, 2023, and concluded March 14, 2023, where the COI was barred. (Dkt. No. 411 at 5.) In suggesting that possible compromise, however, this Court has misunderstood Judge Shah's ruling regarding the COI in *Walker*. Judge Shah simply omitted the favorable termination element, which led to him barring the COI. He did not require any stipulation.

Judge Shah ruled that because the defendants were willing to waive the favorable termination element of the state-law malicious prosecution claim, the probative value of the COI was "near zero." (Dkt. No. 393-2 at 38:2-11; 5-9; 40:4-6.) And Judge Shah further determined that, with that concession, the balance "tipped in favor of exclusion" of the COI under Rule 403 (See attached as Exhibit B, *Walker v. White et al.*, Report of Proceedings, March 6, 2023 at 38:13-14; see also Dkt. 393-2at 39:6-9).

Here, this Court wrote that Judge Shah "concluded that admission of the COI was not necessary because defendants in that case were willing to stipulate to innocence of the plaintiff."[2] (Dkt. No. 411 at 5). That was not what occurred in *Walker*. There was admittedly some confusing language in the only transcript of the *Walker* proceedings available when this Court held oral argument on the COI at the March 6, 2023 pretrial conference. In that transcript, Judge Shah perhaps unartfully used the term "stipulation." (See e.g., Dkt. No. 393-2, 38:8; 39:7; 40:6, 23.) But

---

[2] This may have been a typo, but what is at issue is the favorable termination element, which requires that the criminal proceedings terminated in a manner indicative of innocence. In other words, it's a procedural question not a substantive inquiry as to actual innocence.

3

as his subsequent rulings clarified and the jury instructions demonstrate, there was no stipulation as to "indicative of innocence"; instead, the jury was simply not instructed on the favorable termination element.

Judge Shah explained that the term stipulation "might not be a precise term because the plaintiff had not entered into a stipulation." (*See* Exhibit B, *Walker v. White, et al*., Report of Proceedings, March 6, 2023, at 37:20-21.) Judge Shah further clarified that he understood the defense to be "conceding and waiving the element of the claim—of any claim that requires the plaintiff to prove the favorable termination of the proceedings." (*Id*. at 37:23-38:2). As Judge Shah explained, such concession was as if the defendants "effectively agreed to a partial summary judgment on the issues of favorable termination, and that plaintiff can and, as a matter of law, has established that favorable termination occurred." (*Id*. at 38:2-6). Based on the "concession and wavier from the defense, then the jury need not resolve that issue and would not need to spend any time hearing evidence on that issue." (*Id*. at 38:7-9). Therefore, the element of favorable termination would be removed from the malicious prosecution jury instruction and allow the jury to "focus on the elements they need to decide" and "focus on what's important and of consequence." (*Id*. at 40:25-14:3). The instruction omitting the favorable-termination element was given in *Walker*. (See attached as Exhibit C, *Walker v. White, et al*., Report of Proceedings at 1041:15-1042:23.)

Given this Court's willingness to consider the *Walker* ruling, the Estate Defendants respectfully request that this Court follow the persuasive authority of Judge Shah's ruling in *Walker* and bar the COI in this case. Under Rule 403, the COI is far more prejudicial than probative. With Defendants' waiver of the favorable termination element, the probative value of the COI is "near zero," but, as this Court observed, the prejudice is overwhelming—"I think the

4

COI, more or less, directs a verdict." (*See* Exhibit D, March 7, 2023 Report of Proceedings at 245:4-5). Indeed, telling the jury that another court found Brown innocent is no different than telling the jury that another court found that Defendants fabricated his confession. That is, if Brown is innocent, he could not have known the facts set forth in his statement. Defendants must therefore have fabricated it.

## II. The jury will not be confused by the lack of the favorable termination element.

This Court suggested that the jury needed to hear the words "indicative of innocence" because otherwise the jury would think that anyone whose conviction is vacated can sue the police. Specifically, this Court stated,

> The reason I don't like the idea of taking that [the indicative of innocence language] out [of the instruction] is, we then are telling the jury that if you have been convicted and you ultimately get freed, you have a cause of action. That is just not the law. And I don't want them sitting there in the jury room thinking, wow, that means anybody? Like when you get out after ten years, after 15 years, after 20 years, you can just go sue the police that arrested you? That can't be the case. We have to tell them there has to be a conclusion indicative of innocence. We have to tell them that.

(Ex. D, 204:8-17.)

Once a conviction is invalidated, a plaintiff is free to bring all federal claims against a police officer alleging the officer's misconduct led to their conviction and therefore the plaintiff deserves damages regardless of whether there is proof that the termination of charges was "indicative of innocence." *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Rodriguez v. Cook Cnty., Ill.*, 664 F.3d 627, 631 (7th Cir. 2011) (holding "the federal claims accrued when the conviction was vacated, not when a state court issued the certificate of innocence"). No federal claim requires any proof that the matter concluded in a manner indicative of innocence, including the federal counterpart to malicious prosecution—the Fourth Amendment claim of unlawful pretrial detention.

5

In *Thompson v. Clark*, 142 S. Ct. 1332 (2022), the Supreme Court examined the elements of the Fourth Amendment unlawful pretrial detention claim that was recognized under *Manuel v. Joliet*, 580 U.S. 357 (2017). The *Thompson* Court determined that the *Manuel* unlawful pretrial detention claim is analogous to a common law malicious prosecution claim and therefore requires that a plaintiff proves "favorable termination" of the charges. 142 S. Ct. at 1338. The question then before the Court was whether a plaintiff could prove favorable termination by establishing his prosecution "ended without a conviction," such as through a *nolle prosequi*, or must he show it "ended with some affirmative indication of innocence." *Id.* Examining the common law on the claim of malicious prosecution, the Court ruled that he need only prove the former. *Id.* at 1341.[3] Thus, a plaintiff can receive relief under the federal malicious prosecution claim without proving his *nolle prosequi* was indicative of innocence. As the jury would not receive an "indicative of innocence" instruction under the federal claim, a jury here should not be confused by the lack of such an instruction under the state law claim.

Moreover, under Illinois law, the element itself contains no language of innocence—the plaintiff must show "the termination of the proceeding in favor of the plaintiff." *Swick v. Liautaud*, 169 Ill. 2d 504, 512 (Ill. 1996). The *Swick* court did hold that a *nolle prosequi* is a favorable termination, "unless the abandonment is for reasons not indicative of the innocence of the accused." *Id.* at 513. Notably, as Judge Guzman recently implied, *Thompson* may affect that added requirement: "To this Court's knowledge, the Illinois Supreme Court has yet to reexamine *Swick* in light of *Thompson*, in which the United States Supreme Court held that to establish favorable termination, a plaintiff asserting a § 1983 malicious-prosecution claim need prove only that the

---

[3] The Court also noted, "requiring a plaintiff to show that his prosecution ended with an affirmative indication of innocence is not necessary to protect officers from unwarranted civil suits." *Thompson*, 142 S. Ct. at 1340 (2022).

underlying prosecution 'ended without a conviction.'" *Solomon v. City of Naperville*, No. 22 C 4596, 2023 WL 1992195, at *4 n.7 (N.D. Ill. Feb. 14, 2023); *see also Deng v. Sears, Roebuck and Co.*, 552 F.3d 574, 576-77 (7th Cir. 2009) (doubting the usefulness of the "indicative of innocence" requirement in *Swick* that it deemed an "ambiguous formulation," which requires unnecessary intrusion into the exercise of prosecutorial discretion because the dismissal is a win for the plaintiff, and the plaintiff still must demonstrate probable cause and malice).

But regardless, the element is "favorable termination"; "indicative of innocence" is only part of the definition of favorable termination and only when there is a *nolle*. In *Walker*, when denying the plaintiff's motion for reconsideration of his COI ruling, Judge Shah explained that "it's not actually the case that an element given to this jury would necessarily even require the plaintiff prove termination in a manner indicative of innocence. The plaintiff need only prove favorable termination." (See attached as Exhibit E, *Walker v. White et al.*, Report of Proceedings, March 6, 2023 at 97:20-24; see also *id.* at 97:6-10.)

Defendants are willing to waive the favorable termination element entirely, but if the Court prefers, Defendants will alternatively, waive the indicative-of-innocence clause that is used only for *nolle prosequi* and stipulate that the dismissal of charges establish a favorable termination without any instruction or stipulation on "indicative of innocence."

### III. The COI is the least probative evidence that the proceedings were terminated in a manner "indicative of innocence."

This Court also seems to mistake the evidentiary value of the COI. This Court suggests that a plaintiff cannot win a state law malicious prosecution claim without a COI, finding that the COI "may be the most probative piece of evidence for the termination element" and "absent the COI, it is unclear what evidence Mr. Brown could present to prove that the criminal proceedings against him terminated in a manner indicative of innocence." (Dkt. No. 411 at 3-4.) But in fact, here, we

7

know the issuance of COI does not indicate anything about CCSAO's reasons for issuing the *nolle prosequi*. Why? Because the prosecutors who were involved in deciding to issue the *nolle* will testify as to their reasons for dismissing the charges. They will also testify that the COI was issued months after they had already made their decision to dismiss. Thus, the COI's issuance tells the jury nothing about their reasons for dropping the case.

What's more is that this Court's ruling suggests that a plaintiff without a COI whose case was *nolle*'d cannot win on a state law malicious-prosecution claim. That, however, is not the case. There is no requirement that the plaintiff has a COI to bring a malicious-prosecution claim. Such a requirement would prevent any plaintiff who had charges dismissed via *nolle prosequi* before trial from bringing a malicious prosecution claim because if not convicted, they are not eligible for any COI. 735 ILCS 5/2-702(b) (allowing compensation for "any person convicted and subsequently imprisoned"). If the COI were the only piece of evidence to prove favorable termination where there was a *nolle*, then the courts would have to grant summary judgment to the defendants in every malicious prosecution claim where charges were dismissed prior to conviction. Nothing in *Swick* indicates a COI is necessary to prove charges were dismissed in a manner indicative of innocence.

The favorable termination element requires the plaintiff to prove why the State abandoned the charges, not what the opinion of a later court in a COI proceeding was. *See Swick*, 169 Ill. 2d at 514 (explaining that the plaintiff should "provide evidence of the State's Attorney's reasons for the entry of the *nolle prosequi*"); *see also Ferguson v. City of Chicago*, 213 Ill. 2d 94, 102 (Ill. 2004) ("[T]he plaintiff must show that *the prosecutor* abandoned the case for reasons indicative of innocence" (emphasis added)). In other words, it is the reasoning of the CCSAO, not a court's decision in the COI proceedings that determines whether the termination of the criminal

proceedings, which occurs at the time of the *nolle prosequi*, is favorable. The most probative evidence of the State's reasons for dismissing the case, and in fact, the only relevant evidence of the reasons for the dismissal, is the testimony of those prosecutors.

The COI might have had relevance where the prosecutors who decided to dismiss the charges cannot or will not testify about their decision-making—in that instance, the COI is used as circumstantial evidence of the prosecutors' reasons for the *nolle*. That was the case in *Patrick v. City of Chicago*, 974 F.3d 824, 830, 832-34 (7th Cir. 2020). But here, former ASA Eric Sussman, who made the decision that the CCSAO dismiss the charges, and former ASA Mark Rotert, who offered Sussman his opinion to aid in that decision, have testified and will be called at trial to testify about the reasons for the issuance of the *nolle prosequi*.

Sussman testified that his reasons included the conduct of the prosecutors who tried the cases, Brown's trial attorney's ineffective assistance, the impracticality to retry because of witnesses who were dying, the interest of justice, the time and resources for the office to spend to retry a case where the defendant was 67 years old and had served over 29 years, and that the victims' family received justice in the sense that Brown had already served close to 30 years. (See attached as Exhibit F, Sussman Deposition at 95:12-96:8, 97:12-98:15, 106:6:21, 153:6-11). Rotert testified that he did not make any decision regarding whether to retry Brown (See attached as Exhibit G, Rotert Deposition at 177:7-12); he gave his opinion to Sussman and he believed Sussman considered Rotert's opinion among all the other materials in making a decision (*Id.* at 166:17-167:9). And in Rotert's opinion "enough was enough": he did not think Brown's earlier trial was done in the best standards, Brown was in his 60s and this would be the third trial, he understood Brown to be on death's door, he did not understand the motive, and it was not appropriate to devote resources to a retrial. (*Id.* at 104:12-105:13). At no time did Sussman, Rotert,

9

or the CCSAO determine Brown was innocent. (Ex. F at 153:3-5, 156:21-24, 169:24-170:6; Ex. G at 18:24-21:15; 171:18-172:7, 173:19-23).

This Court suggests that the COI reveals something about the reasons for dismissing the case. But neither Sussman nor Rotert said that the COI proceedings reveal anything about their reasons for dismissing the case. Indeed, the issuance of COI could not have factored into CCSAO's decision to dismiss because the COI is entirely separate proceeding that occurred months after the *nolle prosequi* was issued, and Sussman was not aware when the charges were dismissed that a petition for COI was going to be filed. (Ex. F at 156:4-14). Thus the subsequent issuance of a COI is completely irrelevant to the question posited by *Swick*—what caused the CCSAO to terminate the proceedings Brown.

The COI cannot be used to trump or discredit the testimony of the prosecutors themselves. Instead, as the *Swick* court explained in describing exactly what a plaintiff would have to prove to meet the favorable termination element in the context of a *nolle prosequi*, Brown can challenge the prosecutors' testimony by presenting evidence that the State had no reasonable basis to prosecute him:

> Only when a plaintiff establishes that the nolle prosequi was entered for reasons consistent with his innocence does the plaintiff meet his burden of proof. **The circumstances surrounding the abandonment of the criminal proceedings must compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution**.

169 Ill. 2d 504, 513–14 (emphasis added).

Further, Brown is free to present the evidence that he presented in support of his innocence to the prosecutors and to the court that issued the COI. At trial, Brown will testify that he is innocent of the underlying crime, he will attack the investigation and his confession, he will present an alibi witness, and James Bell will likely testify that he committed the crimes at issue. Indeed, that evidence is the exact same evidence Brown used to secure his COI. And that evidence is actual

relevant, non-hearsay evidence that the jury, will weigh and consider. The jury should not be told that another court, in a non-adversarial process where the court did not even hear live testimony, has already weighed that evidence, made its own findings of fact and determined that Brown is innocent. And that is the ultimate point: it is up to the jury here to observe the witnesses, weigh the evidence and decide who and what to believe. Notably, *Swick* was decided in 1996, eleven years before the Illinois certificate of innocence statute was enacted.

### IV. Brown cannot use the COI as proof of innocence.

This Court ruled that the COI is hearsay that can be admitted under Federal Rule of Evidence 803(8) as a public record. Respectfully, that ruling is contrary to the law on judicial findings. Indeed, Brown himself has conceded this fundamental principle of law arguing that any opinions from the judge in his criminal proceedings are hearsay. (*See* Dkt. No. 365, 16-18.) Nevertheless, as to the COI, an order which is no different than any other court order, he has boldly stated, "The COI court, not the CCSAO, decides whether the evidence is sufficient to grant the certificate. The COI court so found, and that finding should be put before this jury." (Dkt. No. 380, 7.)

Brown wants to infect this jury's deliberations with another court's opinion on the evidence that will be presented at trial. Our circuit has, however, addressed whether a prior judgment is admissible as evidence of some necessary fact in a subsequent case. Consistent with other circuits, it has held that such a judgment is not admissible as evidence of a necessary fact in subsequent litigation because the judgment is hearsay in nature, not relevant to the claims in the subsequent suit and either usurps the jury's role in assessing credibility or would be unfairly prejudicial. *Cf. Greycas, Inc. v. Proud*, 826 F.2d 1560, 1567 (7th Cir. 1987) ("civil judgments are said not to be usable in subsequent proceedings as evidence of the facts underlying the judgment; for as to those

facts, the judgment is hearsay."); *Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993) (prior judgment "is hearsay evidence, under Fed. R. Evid. 801, which is not admissible unless it falls within one of the exceptions mentioned in the Federal Rules of Evidence" and the court finding that no exceptions were applicable); *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007) ("A court judgment is hearsay to the extent that it is offered to prove the truth of the matters asserted in the judgment." (internal quotation marks omitted)).

In its ruling, the Court found that the COI was admissible as an exception to the hearsay rule under Fed. R. Evid. 803(8). (Dkt. 441 at 5.) The Court relied on cases which relied on *Kluppelberg v. Burge*, 84 F. Supp. 3d 741, 747 (N.D. Ill. 2015), and *Logan v. Burge*, No. 09 C 5471 (N.D. Ill.). As explained in the Estate Defendants' Reply, *Logan* relies on the faulty assumption that the COI does not contain a judicial finding. (Dkt. No. 393 at 2-4). This Court stated that the COI contains judicial findings, which contradicts the reasoning of *Logan*. (Ex. D at 243:22-44:2 ("I'm admitting the certificate of innocence, which includes findings.")

*Kluppelberg* on the other hand, relied on an erroneous understanding of *Greycas*. In *Kluppelberg*, the court found that a COI was relevant to the issue of innocence which was relevant to issue of the plaintiff's damages. *Id.* at 745-46. The court agreed that judicial findings of fact generally do not fall within the exception and acknowledged that *Greycas* recognized as much. *Id.* at 746. Nonetheless, the court read *Greycas* as questioning the soundness of this rule and pointed out that it upheld the trial court's admission of a state court judgment determining the priority of liens as "some evidence of the degree to which [the defendant's] misconduct injured [the plaintiff]," which was analogous to the *Kluppelberg*'s plaintiff's argument that his injury included the need to apply for and obtain the COI. *Id.* (quoting *Greycas*, 826 F. Ed at 1567). The court determined that *Greycas* thus "opened the door to an expansion of admissibility of judicial

12

findings" and allowed the COI into evidence under Rule 803(8) as evidence of the extent of the plaintiff's damages. *Id.* at747.

But the *Kluppelberg* court overlooked two key points in *Greycas* which led to an overbroad reading of the case. First, *Greycas* pointed out that:

> A practical reason for denying [prior judgments] evidentiary effect is, however, the difficulty of weighing a judgment, considered as evidence, against whatever contrary evidence a party to the current suit might want to present. The difficulty must be especially great for a jury, which is apt to give exaggerated weight to a judgment.

826 F. Ed at 1567 (emphasis added). The court then reasoned that **where there is no jury**, as in its case, "we are not sure the rule should apply." *Id.* Thus, all *Greycas* in fact questioned was whether the rule for denying the evidentiary effect of prior judgments is necessary **in a bench trial**. The second key point in *Greycas* was that the state court judgment at issue was an adjudication of property rights under state law pursuant to state statute. *Id.* As such, the judgment was admissible not as a public record exception under Rule 803 but as a record of a document that affects property rights under Rule 803(14). *Id.*[4] Thus, contrary to *Kluppelberg*'s conclusion, *Greycas* did not change or expand the rules on the admissibility of prior judgments in connection with jury trials.

Judge Shah recognized the problems with *Kuppelberg*'s reliance on *Greycas* and ruled, "it would be hearsay to offer the certificate of innocence as evidence of actual innocence." (Dkt. No. 393-2 at 40:18-20.) Judge Shah explained that he did not "read *Greycas* as opening the door the same way that the court in *Kluppelberg* thought. (*Id.* at 40:12-13.) There is no *res judicata* or

---

[4] *See also Nipper*, 7 F.3d 415, 417 ("We also note that when the drafters of the Federal Rules of Evidence wanted to allow the admission of judgments or their underlying facts, they did so expressly. See Fed. R. Evid. 803(22) (previous conviction); Fed. R. Evid. 803(23) (personal history, etc., boundaries). Therefore, we can find no basis on which to imply that Rule 803(8)(C) applies to judicial findings of fact.")

13

preclusive effect of a certificate of innocence. *(Id.* at 40:13-14.) And it was the preclusive effect of civil judgments that led the Seventh Circuit [in *Greycas*] to muse that evidentiary use could be allowed in a bench trial." (*Id.* at 40:12-17).

A better reasoned case is *Fields v. City of Chicago*, which confirmed its ruling denying the defendants' request to admit the denial of a petition for a COI at trial as evidence of the plaintiff's guilt, expressing "serious doubt" as to whether "it would be appropriate to introduce another fact-finder's rulings on issues the jury in this case was called upon to determine for the very purpose of influencing the jury's determination of those same issues." 10 C 1168, 2017 WL 4553411, at *11 (N.D. Ill. Oct. 12, 2017), *aff'd,* 981 F.3d 534 (7th Cir. 2020). As the court remarked, it was proper to exclude the results of the COI proceedings as to both liability and damages and the defendants' claim that evidence regarding the COI proceedings was necessary to rebut the plaintiff's claim that he was innocent of the underlying crime was meritless. Indeed, the court admonished, the defendants had plenty of opportunity to submit actual evidence to demonstrate the plaintiff's alleged guilt and the opinion of another court was simply not relevant. *Id*. *Fields* is consistent with *Greycas*. In analogous settings, the Seventh Circuit has ruled that judicial findings remain hearsay. *See Khungar v. Access Cmty. Health Network*, 985 F.3d 565 (7th Cir. 2021) (holding an Illinois Department of Employment Security (IDES) decision was hearsay and could not be considered as evidence to defeat summary judgment in a federal Title VII suit); *see also Wittenberg v. Wheels, Inc.*, 963 F. Supp. 654 (N.D. Ill. 1997) (holding the IDES decision constituted hearsay to which no exception existed).

Like plaintiff in *Walker*, regardless of whether the COI is introduced at trial, Brown will testify that he is innocent of the underlying crime, he will attack the investigation and his confession, he will present an alibi witness and James Bell will testify that he committed the crimes

14

at issue. That is relevant, non-hearsay testimony that is probative of Brown's claim for damages. Because the COI is hearsay and should not be admitted for the truth of the matter asserted (i.e., his innocence), any argument that Brown may make to suggest the COI is his only avenue to prove damages is unfounded.

## CONCLUSION

The Estate Defendants request that this Court bar the COI for the aforementioned reasons. The Estate Defendants will waive the favorable termination element for the state law malicious prosecution claim as the defendants did in *Walker*. Alternatively, they will stipulate that Brown has established the proceedings terminated in his favor, avoiding the need for the confusing language of "indicative of innocence."

Respectfully submitted,

*/s/ Allyson L. West*
Special Assistant Corporation Counsel
One of the Attorneys for Estate Defendants

Andrew M. Hale
William E. Bazarek
Allyson L. West
Hale & Monico LLC
53 W. Jackson Blvd., Suite #334
Chicago, IL 60604
(312) 341-9646
andy@halemonico.com
web@halemonico.com
awest@halemonico.com

15

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certifies that on March 28, 2023, I caused the foregoing document to be filed with the Clerk of the Court's Office, using the Clerk's CM/ECF NextGen filing system, which simultaneously sent notification as to the same to all counsel of record via electronic mail.

*/s/ Allyson L. West*
