UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR BROWN,<br><br>     *Plaintiff*,<br><br> v.<br><br>CITY OF CHICAGO, et al.,<br><br>     *Defendants*. | Case No. 18-cv-7064<br><br>Honorable Rebecca R. Pallmeyer |

**ARTHUR BROWN'S OPPOSITION TO ESTATE DEFENDANTS'
MOTION FOR RECONSIDERATION OF MOTION *IN LIMINE* NO. 1**

  Last week, the Court denied the Estate Defendants' Motion *in limine* No. 1 which sought to bar the admission of Mr. Brown's Certificate of Innocence ("COI") at trial. *Brown v. City of Chicago*, No. 18 C 7064, 2023 WL 2640317, at *2-3 (N.D. Ill. Mar. 22, 2023). In so holding, the Court indicated that it would revisit its ruling *if* Defendants were prepared to enter into a stipulation to be read to the jury that Mr. Brown is innocent. *Id.* at *3. Defendants' Motion for Reconsideration makes no such representation, and it continues to request that this Court provide the jury with incorrect and incomplete instructions on the elements of malicious prosecution. Dkt. 423. Then, the Motion reiterates previously rejected arguments that are contrary to Illinois and Seventh Circuit law. For both of these reasons, Defendants' Motion for Reconsideration of the Court's ruling on Defendants' Motion *in limine* No. 1 should be denied.

**ARGUMENT[1]**

**I. The Malicious Prosecution Jury Instruction Must Contain "Indicative of Innocence"**

---

[1] The Court has been briefed regarding the background of Mr. Brown's COI which is delineated in Plaintiff's Response to Defendants' original motions to bar Mr. Brown's COI. (*See* Dkt. 380 at 2-4.)

Defendants ask the Court to issue an instruction that is an incomplete and therefore inaccurate statement of the law. This Court should continue to decline to do so. The law in Illinois is clear. To prevail on a claim for malicious prosecution, a Plaintiff must prove by a preponderance of the evidence that: 1) the defendant caused a criminal proceeding to be commenced or continued against plaintiff; 2) there was no probable cause for the criminal proceeding; 3) the defendant acted with malice; **4)** *the criminal proceeding was terminated in plaintiff's favor in a manner indicative of innocence*; and 5) plaintiff suffered damages as a result. *Porter v. City of Chicago*, 393 Ill. App. 3d 855, 858 (2009) (citing *Swick v. Liautaud,* 169 Ill. 2d 504, 512 (1996)) (emphasis supplied); *see also Patrick v. City of Chicago*, 974 F.3d 824, 832 (7th Cir. 2020) ("[U]nder Illinois law a plaintiff in a suit for malicious prosecution must prove not only that his conviction was vacated but that the prosecution was favorably terminated in a manner indicative of innocence."); *Jordan v. City of Chicago*, No. 20-CV-4012, 2021 WL 1962385, at *6 (N.D. Ill. May 17, 2021) (same); *Wade v. City of Chicago,* No. 08 C 3063, 2012 WL 245164, at *1 (N.D. Ill. Jan. 25, 2012) (same); *Johnson v. Smith*, No. 07 C 1562, 2010 WL 1229440, at *5 (N.D. Ill. Mar. 26, 2010) (same).

Defendants continue to rely on the district judge's decision to bar the COI from admission in *Walker v. White,* Case No. 16 CV 7024 (N.D. Ill.), and boldly assert that the Court "misunderstood" the district judge's ruling regarding the COI. Dkt. 423 at 3. Not so. In *Walker,* the favorable termination element of a malicious prosecution claim was omitted from the jury instructions. Dkt. 423-3 at 1041:15-1042:23. Whether that was because Defendants "waived" that element or because Defendants "stipulated" that the element was met, the outcome remains the same: the *Walker* jury was not instructed on all of the elements of a malicious prosecution claim. *Id.* Without citing to *any* authority, Defendants urge this Court to follow suit even though the

Court has made clear that it will not proceed in such a manner—for good reason. It would be odd and confusing to provide the jury with instructions regarding the elements of a claim, yet exclude a necessary part of the elements from the instruction. Those jurors would be left with the mistaken understanding that a malicious prosecution claim can be brought in Illinois regardless of the way that the underlying case terminated. *See* Dkt. 423-1 at 79:24-80:3; *see also Swick*, 169 Ill.2d at 513-14 ("The circumstances surrounding the abandonment of the criminal proceedings must compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution. Otherwise, every time criminal charges are nol-prossed a civil malicious prosecution action could result.").

The Defendants also argue that the COI should be excluded under Rule 403 because it is more prejudicial than probative. Dkt. 423 at 4-5. This argument has been squarely rejected by the Seventh Circuit. *See Patrick,* 974 F.3d at 832-34 (affirming denial of motion *in limine* seeking to bar admission of COI and holding the COI was "directly probative of malicious prosecution claim"). Even if the Court believes Defendants have a valid concern, it is properly addressed by well-tailored instructions, not by exclusion of the evidence. The jury instructions in *Harris* addressed the precise issue Defendants raise here by explaining that the state court did not decide "the issue of whether Plaintiff's constitutional rights were violated or whether the Defendants engaged in any misconduct under state or federal law," and that decision is left to the jury. *Harris*, 2018 WL 2183992, at *5. This type of jury instruction is more than sufficient to cure any concerns about unfair weight being given to the prior decision.

**II.     The COI is Necessary to Prove the Favorable Termination Element of Mr. Brown's Malicious Prosecution Claim**

As this Court held, the COI is "the most probative piece of evidence for the termination element of Mr. Brown's malicious prosecution claim." *Brown v. City of Chicago*, No. 18 C 7064,

3

2023 WL 2640317, at *2 (N.D. Ill. Mar. 22, 2023).  "The fact that prosecutors dropped charges, alone, is not enough for [Mr. Brown] to prove his claim." *Id.*  "Indeed, absent the COI, it is unclear what evidence Mr. Brown could present to prove that the criminal proceedings against him terminated in a manner indicative of innocence, as opposed to, for example, that prosecutors dropped charges due to the practical difficulties of retrying a case, decades after the crime, when most relevant witnesses are deceased." *Id.*  It is expected that the former CCSAO employees will testify that the CCSAO did not have to reach a conclusion regarding Mr. Brown's guilt or innocence—it was not a necessary finding for them to decide not to pursue a third trial against Mr. Brown.  As this Court noted, the decision not to pursue charges is inherently ambiguous, and the former CCSAO employees will testify that in their view, there was a bundle of considerations that impacted the State's Attorney's decision not to re-prosecute Mr. Brown.  Further, any subjective opinions formulated by any CCSAO employee regarding Mr. Brown's ultimate guilt or innocence is not binding on the jury, who themselves must determine whether Mr. Brown's criminal proceedings ended in a manner indicative of innocence.  Thus, any testimony regarding *why* the CCSAO decided to dismiss the case cannot shed light on whether the proceedings terminated in Mr. Brown's favor, in a manner indicative of innocence.

This Court hit the nail on the head. The COI is "the most probative piece of evidence" that the charges against Mr. Brown were terminated "in a manner indicative of innocence."  The Seventh Circuit agrees with this Court's assessment of the probative value of the COI. *See, e.g., Patrick*, 974 F.3d at 832-33 ("the district judge held—and we agree—that Patrick's certificate of innocence was directly relevant to an element on which he bore the burden of proof; that the prosecution against him was terminated in a manner indicative of innocence."); *see also Patterson v. Dorrough*, No. 10 C 1491, 2012 WL 5381328, at *5 (N.D. Ill. Oct. 31, 2012) (denying summary

4

judgment on plaintiff's malicious prosecution claim because "the charges against Patterson were not simply dropped by the prosecutor . . . Patterson was subsequently issued a certificate of innocence"). The COI is the final word on the proceedings in the criminal courthouse.

### III. The COI is an Admissible Public Record.

The Estate Defendants contend the Court's ruling that the COI is admissible pursuant to Federal Rule of Evidence 803(8), the public records exception to hearsay, is erroneous. Dkt. 423 at 11-15. The Estate Defendants argue that the cases this Court relied on in finding that the COI is admissible were also incorrectly decided and urge the Court to instead rely on cases outside the Seventh Circuit. Dkt. 423 at 11-14. The Court should ignore Defendants' bluster.

Courts in this district resoundingly agree with this Court's ruling to admit the COI. *See Chatman v. City of Chicago*, No. 14 C 2945, 2018 WL 11426432, at *4 (N.D. Ill. Oct. 11, 2018); *Harris v. City of Chicago*, No. 14 C 4391, 2018 WL 2183992, at *3 (N.D. Ill. May 11, 2018); *Logan v. Burge,* No. 09 C 5471, slip op. at 1-3 (N.D. Ill. Oct. 19, 2012); *Kluppelberg v. Burge*, 84 F.Supp.3d 741, 746-47 (N.D. Ill. 2015). Those courts have held that the COI is admissible as evidence to support a plaintiff's damages claims and to rebut defendants' assertions that despite being awarded a COI, the plaintiff is guilty. *See Chatman*, 2018 WL 11426432, at *4 (COI admissible as "rebuttal evidence" when defendants argue plaintiff is guilty); *Harris*, 2018 WL 2183992, at *3 (holding that the COI was relevant to the plaintiff's "damages if Defendants argue that Plaintiff committed the crime"); *Kluppelberg*, 84 F.Supp.3d 746-47 (holding that pursuant to Rule 102's mandate "to administer every proceeding fairly," if the "defendants offer evidence that Kluppelberg was actually guilty…the COI would be relevant rebuttal evidence and admissible under Rule 803(8)") (citing *Parish v. City of Elkhart, Ind*., 702 F.3d 997, 1003 (7th Cir. 2012), which held "("A jury that believed the plaintiff was guilty of the crime would award lower

5

damages…"); *see also Hill v. City of Chicago,* No. 06 C 6772, 2011 WL 2550623, at *3 (N.D. Ill. June 27, 2011) (rejecting defendants' argument that plaintiff "has wrongfully interjected his innocence into this [civil rights] lawsuit" because "as long as Defendants argue that [plaintiff] is guilty of the Morgan murder, evidence relating to [plaintiff's] innocence … is highly relevant and probative to [plaintiff's] coerced confession claim.").[2]

In admitting the COI as evidence of innocence, those courts have explicitly rejected the Estate Defendants' argument that *Greycas, Inc. v. Proud,* 826 F.2d 1560, 1567 (7th Cir. 1987) prohibits the admission of the COI. Dkt. 423 at 11-14. *See Chatman*, 2018 WL 11426432, at *4 (noting that courts in the district have "considered *Greycas* and concluded that it did not apply to the admission of the COI"); *Kluppelberg*, 84 F.Supp.3d at 746. In *Greycas*, the Seventh Circuit expressly considered the use of judgments, like a COI, that do not have preclusive effect. 826 F.2d at 1567. The *Greycas* court concluded that such judgments could be admitted for their evidentiary effect. *Id.* In *Patrick,* the Seventh Circuit specifically confirmed that a COI can be admitted for its evidentiary effect just as *Greycas* contemplated. 974 F.3d at 833. ("[R]emoving *res judicata* effect does not mean that a certificate of innocence is categorially impermissible in other proceedings.").

---

[2] The district court in *Newsome v. McCabe* applied similar reasoning when it admitted evidence of the plaintiff's pardon. The court held that excluding evidence of the pardon "would have been highly prejudicial to Newsome." *Newsome v. McCabe*, No. 96 C 7680, 2002 WL 548725, at *6 (N.D. Ill. Apr. 4, 2002). The court reasoned that excluding the pardon would have "invited the jurors to draw the impermissible inference that he was actually guilty, and, thus, absolve defendants of any misconduct." *Id.* The district court's opinion was affirmed by the Seventh Circuit. *See Newsome v. McCabe*, 319 F.3d 301, 306–07 (7th Cir. 2003) ("Chicago presents several other objections to the district judge's handling of [evidentiary issues at] the trial. These do not require separate discussion; all were treated thoughtfully in Judge Plunkett's posttrial opinion, and we substantially agree with his disposition of them.").

*Fields v. City of Chicago*—the sole written decision from this district regarding a COI upon which Defendants rely—deals with the exclusion of a denial of a COI. 10 C 1168, 2017 WL 4553411, at *11 (N.D. Ill. Oct 12, 2017). This decision is an inapposite outlier, and it is also unpersuasive in the context of this case for several reasons. First, the court cited no law or evidentiary rules to support its ruling to exclude the denial of a COI. That sets it apart from the well-supported opinions discussed above. Second, and critically, the *Fields* court excluded evidence of the **denial** of the plaintiff's petition for a COI, which was of minimal relevance. *Id.* Here, the issuance of the COI will be offered to, among other things, establish the elements of Plaintiff's claims. Third, the *Fields* court relied heavily on its belief that admission of the COI denial would create a distraction for the jury, turning "the entire trial into a lengthy sidetrack." *Id.* That is not a concern here since **Defendants** are planning to introduce the "lengthy sidetrack" by essentially retrying the criminal proceedings and attempting to prove Mr. Brown's guilt. Make no mistake: Defendants refuse to stipulate to Mr. Brown's innocence because his purported guilt will be the focal point of their defense. Rather than focusing on *their* conduct—which is what this case should be about—they will attempt to drag Mr. Brown through the mud and convince the jury that he deserved every day he spent in prison. Under these circumstances, the *Fields* court's concern that the COI would cause a "lengthy sidetrack" simply is not present here. Moreover, as Judge Gottschall recognized in a post-*Fields* ruling, excluding the COI would actually create **more** of a distraction for the jury:

> Jurors are almost certain to be distracted by questions about why plaintiff was released. Was it a technicality? Where's the DNA? Proof of the Certificate of Innocence ("COI") will eliminate this potential distraction and settle the issue of why he was released. Because it will quickly remove a source of distraction, for that reason alone its probative value vastly outweighs its prejudicial impact.

*See* Ex. 1, *Rivera v. Guevara*, No. 1:12-cv-04428, ECF No. 530, at 1 (N.D. Ill. May 30, 2018). These are the exact concerns rightly expressed by this Court just a few weeks ago—the absence of

7

the COI creates more speculation and confusion. Dkt. 423-1 at 83:9-84:1 ("I can imagine, then, the jurors saying, well, wait a minute. He got released. Does that mean he didn't do it? How do we know? I mean, you can just imagine all that. … [W]ho knows what they are going to think?").

Unsurprisingly, in the years since the *Fields* ruling was issued, no court has relied on *Fields* to determine the admissibility of a COI at trial. This Court should not be the first. The Court should also pay no mind to Defendants' reliance on employment cases that excluded Illinois Department of Employment Security ("IDES") decisions as hearsay. Dkt. 423 at 14. No hearsay exception applied to permit the admission of those decisions in the cases Defendants cite and the law in this circuit regarding the admissibility of IDES decisions in subsequent Title VII litigation is settled, but inapplicable here. *See Khungar v. Access Cmty. Health Network,* 985 F.3d 565, 576 (7th Cir. 2021).

## CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants' Motion for Reconsideration of Court's ruling on Defendants' Motion *in limine* No. 1.

Respectfully submitted,

/s/ *Abigail L. Peluso*
Ronald S. Safer
Joseph O'Hara
Abigail L. Peluso
Allison N. Siebeneck
Lauren Jaffe
Andrew Patton
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700 (tel)
(312) 471-8701 (fax)
rsafer@rshc-law.com
johara@rshc-law.com
apeluso@rshc-law.com

asiebeneck@rshc-law.com
ljaffe@rshc-law.com
apatton@rshc-law.com

*Attorneys for Plaintiff Arthur Brown*